CHARLES F. KITTREDGE, receiver, *vs.* MARIE L. OSGOOD & others.

Suffolk.    January 24, 1894. — May 18, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Beneficiary Association — Attachment — Appointment of Receiver.*

An attachment of the property of a corporation, if valid when made, is not discharged by the subsequent filing of a bill and the appointment of a receiver of the corporation ; and if the funds attached have been paid over to the receiver by the order of the court without prejudice to the rights of the attaching parties, the receiver takes the property subject to all valid attachments.

The appointment of a receiver is not a bar to suits brought against a corporation before the bill is filed, nor do such suits abate in consequence of such appointment, but the receiver may appear in and defend the suits if the interests which he represents render it proper or necessary.

APPLICATION, filed October 17, 1893, by the receiver of the Supreme Lodge Knights and Ladies of Protection, alleging that on February 24, 1892, when he was appointed receiver on a bill filed by John S. Page and another, certain actions at law brought

by Marie L. Osgood and others against the corporation were pending ; that the plaintiffs in those actions, the defendants in this application, declined to present their claims to him for settlement, or to present them for the determination of the court, but proposed to proceed to judgment on the actions, and claimed the right to satisfy such judgments in full out of funds attached by them, and asking for an order of notice on the defendants to show cause why they should not be enjoined from proceeding to judgment on the actions, and why the funds in the hands of the receiver should not be distributed free of the attachments made by them.

At the hearing in the Superior Court, before *Hammond*, J., it appeared that the defendants became members of the Supreme Lodge Knights and Ladies of Protection, a corporation organized under the provisions of St. 1888, c. 429, received certificates of membership therein, and paid their assessments ; that while such members they each became sick and disabled, and having complied with all the requirements of the Order as to notification, proof, etc. of such sickness, they became entitled to receive sick benefits ; that their claims were allowed by the subordinate lodges, and forwarded to the Supreme Lodge for payment ; that the Supreme Lodge, though having funds in its possession for that purpose, refused and neglected to pay the claims ; that thereupon the defendants refused to pay assessments, or to continue as members of the Order, and brought actions against it, and attached by the trustee process its funds in the hands of a bank in which they were deposited ; that since the appointment of the receiver the case of Marie L. Osgood against the Order had been tried as a test case, the receiver appearing therein for the Order, and a verdict was ordered for the plaintiff Osgood for the amount claimed.

The receiver filed his application asking the judge to determine : 1st, whether the plaintiffs, these defendants, can of right maintain the actions and secure judgment thereon ; 2d, whether the attachments are valid liens, and judgment shall be satisfied out of funds held under such trustee attachment.

On December 26, 1893, a decree was entered reciting that the bank which had been summoned as trustee in the actions in which these defendants were plaintiffs had subsequently been

ordered by the court to pay to the receiver the money held for the Order at the time of the service of the writs upon it, such payment being without prejudice to the rights of the defendants, with which order the trustee had fully complied, adjudged and ordered that, for the purpose of settling the liability of the Order, the defendants might proceed with their several actions if they saw fit; that the judgments, if in such actions any should be obtained, should be enforced against the funds in the hands of the receiver to the following extent, and not otherwise, viz. the costs accrued therein up to the time of filing the decree to be allowed as a preferred claim, and the judgment for damages to be enforced against the fund to an amount equal to the assessments theretofore paid by the judgment creditor, less sick benefits already paid to him, this amount not to be a preferred claim, but to be paid *pro rata*, so that the judgment creditor should share with the members of the Order and on the same basis; and that the defendants should be perpetually enjoined from enforcing a judgment against the fund in any other manner, but not restraining them from holding the Order otherwise liable to the full amount of the judgment, and permitting proof of claim if the actions were not prosecuted to judgment.

From this decree the defendants · appealed, and the judge reported the case for the determination of this court.

*F. S. Hesseltine*, (*N. F. Hesseltine* with him,) for the defendants.

*C. F. Kittredge*, *pro se.*

FIELD, C. J. The filing of the bill and the subsequent appointment of a receiver did not dissolve valid attachments of the property of the corporation made before the bill was filed. *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480. *Kilborn* v. *Lyman*, 6 Met. 299. *Hubbard* v. *Hamilton Bank*, 7 Met. 340, 346. *Davenport* v. *Tilton*, 10 Met. 320, 325. *Hills* v. *Parker*, 111 Mass. 508. *Columbian Book Co.* v. *De Golyer*, 115 Mass. 67, 69. *Sage* v. *Heller*, 124 Mass. 213. Even if it were held that the charter of the corporation has been annulled by the proceedings in this case, the corporation continues to exist for the term of three years, for the purpose of prosecuting and defending suits by and against it, etc. Pub. Sts. c. 105, § 41 *et seq.* As the funds attached have been paid over to the receiver by the order of the court without prejudice to the rights of the attaching parties, the

receiver takes the property subject to all valid attachments.    To the extent of the property lawfully attached before the bill was filed, the claims of the defendants, if allowed to be proved, must be treated as preferred.    See *Walling* v. *Miller*, 108 N. Y. 173.

The appointment of a receiver is not a bar to suits brought against the corporation before the bill in this case was filed, nor do such suits abate in consequence of such appointment.    The receiver can appear in and defend the suits if the interests which he represents render it proper or necessary.    Whether the claims of the defendants are such that actions at law can be maintained on them is a question we cannot consider in this proceeding.    If they are, we see no reason why the defendants should not proceed to judgment, if they desire to do so.    Whether judgments rendered after the bill was filed can be proved before the receiver, or whether the proof should be of the original demands as they existed at the time the bill was filed, made up in the same manner as other claims of the same kind, and what the effect of obtaining such judgments would be upon the right to make proof of the original demands, are questions not now before us.

The questions reported must be answered in accordance with this opinion.    *So ordered.*