RICHARD SCANNELL v. S. K. FELTON *et al.*

8938.

PARTY ON ERROR—*receiver a necessary, as to judgment against bank before appointment.*  A receiver of an insolvent bank, duly appointed to take charge of the assets under the banking law, is a necessary party to a proceeding in error in this Court to reverse a judgment rendered in favor of the bank prior to his appointment.

*Error from Republic District Court.*
*Hon. F. W. Sturges, Judge.*

DISMISSED.                    OPINION FILED DECEMBER 5, 1896.

*A. H. Ellis* and *Caldwell & Ellis*, for plaintiff in error.

*W. T. Dillon* and *J. W. Sheafor*, for defendant in error S. G. Stover.

ALLEN, J. This is a proceeding to reverse a judgment of the District Court of Republic County rendered in favor of S. G. Stover and C. Perry against Richard Scannell for $5,500 on a contract assigned to them by S. K. Felton, under which Felton had partially constructed the foundation for a Catholic college-building at Belleville. The defendant Scannell was bishop of the diocese, and the land on which the foundation was built had been deeded to him. A motion to dismiss the proceeding in this Court is interposed. It appears that Stover & Perry were engaged in the business of banking, as partners, at Belleville; that on the 23d day of August, 1893, which was after the petition in error was filed in this Court, C. P. Carstensen was, on the application of the Attorney General, duly appointed receiver to take charge of the effects of their bank; that, in a few days thereafter, he qualified and took possession, and has ever since continued in the possession of the assets of the partnership. It also appears that C. Perry, one of the partners, died in July, 1895; that he left a will, which was duly probated, but that the executrix named therein never qualified, and no other executor or administrator has ever been appointed in her stead. On the 7th of October, 1896, the plain-

tiff in error filed in this Court a motion suggesting
the death of Mr. Perry, and asking that it be stated
on the record, and that the cause proceed against
S. G. Stover as surviving partner. Counsel for the
plaintiff in error contend that, under the circumstances
stated above, the surviving partner has full power to
represent the interest of the deceased partner as well
as his own; that all parties necessary to a determina-
tion of the controversy are now in court; and that no
formal revivor against Stover as surviving partner
is really necessary, he being here to speak for his own
interests, and being, in fact, the survivor. On the
other hand, it is urged that a revivor against Stover
as surviving partner was necessary, and that more
than one year after it might first have been had
elapsed before the motion to revive was filed. It is
also contended that the receiver is a necessary party
in this Court. Without undertaking to pass on the
necessity for a revivor against the surviving partner,
we are of the opinion that it was necessary to revive
against the receiver; that he is not only a necessary
party, but that he is the only party authorized to
speak for the partnership estate of Stover & Perry.
It appears from the proof now presented that the
firm of Stover & Perry became insolvent, and that
whatever assets remain belong to the creditors of
the firm rather than to them. The receiver ap-
pointed under the banking law stands as the repre-
sentative of the creditors, and is required to protect
their interests. No suit in which the right to as-
sets of the estate is involved can proceed without
his being made a party. *Talmage v. Pell*, 9 Paige's,
Ch. 410. Under the facts disclosed Stover is not au-
thorized to represent any substantial interest, for the
judgment, if collected, must be paid into the hands of

the receiver, and be by him appropriated to the payment of the debts of the insolvent bank.

There being no one here authorized to represent the judgment creditors, the petition in error must be dismissed.

All the Justices concurring.