Jerome Twitchell v. Charles Weil *et al.*

No. 227.

1. Appellate Court Practice — *receiver of necessary party must be made party in Appellate Court.* Where a receiver who was a necessary party in the Appellate Court, dies during the pendency of proceedings in error, the action must be revived in the name of his successor, or the petition in error will be dismissed.

2. ———— *where receiver—a necessary party—dies, action must be revived.* A receiver of an insolvent debtor, who is a necessary party in this court, appointed since the institution of proceedings in error, must be made a party in this court, or there is a defect of parties.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed July 16, 1897. *Dismissed.*

*Mills, Smith & Hobbs,* for plaintiff in error.

*McGrew, Watson & Watson,* for defendants in error.

Wells, J. This is a motion to dismiss the petition in error for several reasons, two of which must be sustained.

J. W. Lord was, by the court below, appointed receiver of the property of the Consolidated Iron Works Company, the principal defendant and debtor in the action. He was one of the necessary parties in this court. He died on November 20, 1896, and the action has not been revived in the name of his successor.

The Northrup Banking Company intervened in the cause in the court below, and, as its interests would be materially affected by a reversal herein, is a necessary party in this court. That company became insolvent about July 15, 1893, and A. B. Hovey has been appointed and is acting as receiver of it. He,

also, is a necessary party herein, and the cause has not been revived in his name.

Under the authority of *Scannell v. Felton* ( 57 Kan. 468, 46 Pac. Rep. 948 ), these receivers are necessary parties in this court, and in their absence the petition in error must be dismissed.

The petition in error is dismissed.