MOSES MOSLER AND WILLIAM MOSLER, *Partners*, v.
THE STATE BANK OF PERRY.

### No. 278.

PARTY ON ERROR—*receiver of bank necessary, to review judgment in favor of bank affecting assets.* A receiver of an insolvent bank, duly appointed under the banking laws to take charge of its assets, is a necessary party to a proceeding in error in this court to reverse a judgment rendered in favor of the bank against an interpleader who sought to recover certain property in the hands of such receiver, claimed as a part of the assets of the bank.

Error from Jefferson District Court. Hon. Louis A. Myers, Judge. Opinion filed December 18, 1897. *Dismissed.*

*Morse & Morse*, for plaintiffs in error.

No appearance for defendant in error.

WELLS, J. This action was brought by way of an interplea filed by the plaintiffs in error, in the District Court of Jefferson County, in a proceeding instituted by the Attorney General of the State to wind up the affairs of the State Bank of Perry. The interpleaders set up title in themselves to a safe then in the hands of the receiver appointed by the court to take charge of the assets of said Bank, and prayed for an order that said receiver turn the safe over to them. To this interplea the defendant Bank filed a general denial, and the matter was tried to the court and a jury. The jury found a general verdict for the defendant, and answered special questions submitted by the interpleaders. After a motion for a new trial and for judgment on the special findings of the jury had been filed by the interpleaders and overruled by the court, judgment was duly rendered for costs against the plaintiffs, and the matter brought here for review.

There is no brief filed by the defendant in error, and no appearance herein of any one against the plaintiffs in error. From the case-made, as well as from the brief of plaintiffs in error, it appears that the receiver of the Bank was the real party in interest adverse to the plaintiffs in error, and, as such, under the authority of *Scannell v. Felton* (57 Kan. 468), was a necessary party to a review of the judgment herein. See also *Tallmage v. Pell*, 9 Paige's Chan. (N. Y.) 410; *Twitchell v. Weil*, ante, p. 53.

These proceedings in error will be dismissed at the cost of the plaintiffs in error.