COMPAÑÍA MERCANTIL ARROYANA, Plaintiff and Appellee, v. HOME INSURANCE COMPANY, Defendant and Appellant.

No. 3539. Argued April 13, 1925.—Decided May 26, 1925.

APPEAL—RECEIVER—PARTIES.—A receiver was appointed in another suit, in accordance with section 182 of the Code of Civil Procedure, to take charge of the properties of the plaintiff-appellee in this case. The appointment was made after rendering the judgment appealed from and the order joining the receiver as a party was subsequent to the appeal. *Held:* That the receiver was not a necessary party to the appeal.

MOTIONS for dismissal. *Overruled.*

*Henry G. Molina* and *Leopoldo Feliú* for the appellant. *E. H. F. Dottin* and *C. Domínguez Rubio* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The question raised in the motions for dismissal filed by the appellee and by the receiver, who had been joined as a party after the notice of appeal had been filed, is whether the appeal should be dismissed because notice of the appeal was not given to the receiver.

The judgment was rendered on February 14, 1924, and on March 10, 1924, on motion of the appellee, the court made an order that the receiver of the plaintiff corporation, who had been appointed on February 16, 1924, be joined and considered as a party to the action.

In construing section 296 of the Code of Civil Procedure on which the petitioners rely it seems to be the rule established by jurisprudence that only the record of the case should be examined in order to determine who are necessary parties. And in this case it clearly appears that when the appeal was taken there was no order of the district court joining the receiver as a party.

The authorities of the State from which section 296 was adopted express themselves as follows:

"It is not every person who may be affected by a reversal or

modification of a judgment or order who is an 'adverse party' entitled to service of notice of appeal. While the rule is thus broadly stated in a number of cases, this rule must be construed in connection with another rule that only the record can be examined for the purpose of determining who are such adverse parties. In other words, the 'adverse party' upon whom a notice of appeal is to be served is the party who appears by the record to be adverse, and the burden is on the party moving to dismiss the appeal to show from the record that a party not served was adverse. The record to be considered for this purpose is the record of the proceedings in which the appeal is taken. Whether a party to the action is adverse to the appellant must be determined by their relative positions on the record and the averments in their pleadings, rather than from the manner in which he expressed his wishes at the trial or from any presumption to be drawn from the relation of the parties to each other, or to the subject matter of the action in matters outside of the action.'' 2 Cal. Jur. p. 335, sec. 121.

The movers contend, however, in apparent contradiction to the jurisprudence cited, that by the mere fact of his appointment the receiver is a necessary party to all of the proceedings on appeal, citing the case of *Scannel* v. *Felton et al.* (57 Kan. 468), 46 Pac. 948.

In that case a banking corporation was declared insolvent and a receiver was appointed at the instance of the Attorney General after judgment had been rendered in favor of the bank in the lower court. It was held, however, that only the receiver had authority to represent the judgment creditors and that he was a necessary party, he being the only person who could represent the bank, and the court dismissed the appeal for failure to give notice. In the opinion there is no citation of the state law on which it was based and the appellee makes no reference to it.

It has not been shown, therefore, that the case is similar to the present case in which the receiver was not appointed in accordance with the Corporations Law of Porto Rico, but in a separate and independent action in accordance with subdivision 1 of section 182 of the Code of Civil Procedure,

or subdivision 4 of the same section, which provides for cases of insolvency, and his only duty, considering the character of his receivership, is to preserve the property of the corporation, and he has no powers except those conferred by the court.

Assuming that the appointment had been made under the provisions of sections 30 and 32 of the Corporations Law of March, 9, 1911 (secs. 436 and 438, Comp. 1911), or of section 183 of the Code of Civil Procedure, the *Scannel Case, supra,* would have been somewhat in point. The said statutes are as follows:

"Sec. 30. When any corporation shall be dissolved in any manner whatever, the district court * * * may * * * appoint one or more persons to be liquidators of such corporation to take charge of the assets and effects thereof, to collect the debts and property due and belonging to the corporation, with power to prosecute and defend in the name of the corporation, or otherwise, all suits necessary or appropriate for the purposes aforesaid."

"Sec. 32. Any suit now pending or hereafter to be begun against any corporation which may become dissolved before final judgment, shall not lapse by reason of such dissolution; but no judgment shall be entered in any such action except upon notice to the trustees or liquidators of the corporation."

"Sec. 183. Upon the dissolution of any corporation, the district court of the district in which the corporation carries on its business, or has its principal place of business, on application of any creditor of the corporation, or of any member or stockholder thereof, may appoint one or more persons to be receivers or trustees of the corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, and to pay the outstanding debts thereof, and to divide the moneys and other property that shall remain over, among the stockholders or members."

In all of the cases provided for in the above enactments the statute refers to a receiver-liquidator, who is the sole representative of the creditors and takes charge of the assets and liabilities of the entity dissolved. The receiver appointed in this case is not of that kind. He is not a liqui-

dator and his powers are more limited. He is defined by jurisprudence and distinguished from that class of receivers.

In the case of *Spring Valley* v. *San Francisco,* 225 Fed. 728, 731, the following citation is made from a decision of the Supreme Court of the United States:

"A receiver is an indifferent person between parties, appointed by the court to receive the rents, issues, or profits of land, or other thing in question in this court, pending the suit, where it does not seem reasonable to the court that either party should do it."

From the case of *Atlantic Trust Co.* v. *Chapman,* 208 U. S. 360, 371, 52 L. ed. 528, which is also cited in the *Spring Valley Case,* we copy the following:

"He is an officer of the court; his appointment is provisional. He is appointed in behalf of all parties, and not of the complainant or of the defendant only. He is appointed for the benefit of all parties who may establish rights in the cause. The money in his hands is in *custodia legis* for whoever can make out a title to it. *Delany* v. *Mansfield,* 1 Hogan, 234. It is the court itself which has the care of the property in dispute. The receiver is but the creature of the court; he has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court."

From all of this it follows that because of the character of the receiver appointed the rule must govern that only the record as it was at the time of taking the appeal can be examined in order to determine who are necessary parties, and the appointment not having been made when the notice of appeal was filed, the motions for dismissal must be overruled.