Compañía Mercantil Arroyana, demandante y apelada, *v.* The Home Insurance Company, demandada y apelante.

No. 3539.—*Visto:* Abril 13, 1925. *Resuelto:* Mayo 26, 1925.

Apelación y Error — Requisitos y Procedimientos para Elevar el Caso — Recurso por Causa de Error, Citación o Notificación—Notificación de Apelación—Partes Necesarias.—Un síndico (*receiver*) fué nombrado en otro litigio, conforme al artículo 182 del Código de Enjuiciamiento Civil para tomar posesión de los bienes de la demandante-apelada en este caso; el nombramiento fué posterior a la sentencia apelada, y la orden incluyendo al síndico como parte fué posterior a la apelación. *Se resolvió:* que dicho síndico no era parte necesaria en la apelación interpuesta.

Mociones sobre desestimación de apelación presentadas por el apelado y por el Síndico de la demandante-apelada. *Sin Lugar.*

*Henry G. Molina* y *Leopoldo Feliú,* abogados de la apelante; *E. H. Dottin* y *C. Domínguez Rubio,* abogados de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

La cuestión planteada en las mociones solicitando la desestimación del recurso, una a nombre del apelado y la otra a instancia del síndico, incluído como parte en el pleito después de archivado el escrito de apelación, es si debemos desestimar la apelación por no haberse notificado a dicho síndico del aviso de apelación.

La sentencia fué dictada el 14 de febrero de 1924. El 10 de marzo de 1924, a moción de la apelada, la corte dictó una orden incluyendo al síndico, nombrado como tal de la corporación demandante el 16 de febrero de 1924, para que se le tuviera como parte de este litigio.

Interpretado el artículo 296 del Código de Enjuiciamiento Civil en que se fundan los peticionarios, parece ser la regla establecida por la jurisprudencia que solamente los autos del pleito es lo que debe ser examinado para determinar quiénes son las partes necesarias en el mismo. Y de este caso aparece claramente que en la fecha de la interposición del recurso no existía orden alguna de la corte inferior haciendo parte al síndico en el procedimiento.

Las autoridades de donde procede el artículo 296 dicen lo siguiente:

"No toda persona que pueda ser afectada por una revocación o modificación de una sentencia u orden es una 'parte contraria' con derecho a ser notificada del escrito de apelación. Aunque la regla está ampliamente expresada así en un número de casos, dicha regla debe ser interpretada en relación con otra regla al efecto de que sólo pueden examinarse los autos a fin de determinar quiénes son tales partes contrarias. En otras palabras, la 'parte contraria' a quien ha de notificarse un escrito de apelación es la que de los autos aparece ser tal parte contraria, y corresponde a la parte que solicita la desestimación de la apelación probar con los autos que una parte no notificada era parte contraria. Los autos a considerar con este objeto son los autos de los procedimientos en que la apelación es establecida. El hecho de si una parte en el pleito es contraria al apelante debe determinarse de sus posiciones relativas en los autos y de las alegaciones contenidas en sus pliegos de alegaciones, más bien que de la forma en que dicha parte expresara sus deseos

durante el juicio o de cualquier presunción deducible de la relación de las partes entre sí o con respecto a la materia objeto del pleito en cuestiones ajenas al mismo." 2 California Jurisprudence, pág. 335, sec. 121.

Se sostiene, no obstante, por los promoventes, en aparente oposición a la jurisprudencia citada, que el síndico por el mero hecho de su nombramiento es una parte necesaria en el pleito en todo lo que atañe a la tramitación de la apelación, e invocan para ello el caso de *Scannel* v. *Felton et al.,* (57 Kan. 468), 46 Pac. 948.

En este caso se trataba de una corporación bancaria que se declaró insolvente y el nombramiento de síndico se hizo a instancia del Attorney General y después que se dictó sentencia en la corte inferior a favor del banco. Se declaró, sin embargo, que sólo el síndico estaba autorizado para representar a los acreedores por sentencia y la corte llegó a la conclusión que dicho síndico era una parte necesaria, única que podía representar al banco y desestimó la apelación por falta de notificación. La opinión no cita la ley del estado en que se funda ni el apelado hace referencia alguna a la misma.

No se demuestra, por tanto, que el caso sea análogo al que nos ocupa, pues en éste el síndico no aparece nombrado de acuerdo con nuestra ley de corporaciones. Lo fué conforme al artículo 182, apartado 1°., o para evitar la insolvencia, apartado 4°., en otro pleito separado e independiente y su función únicamente se limita, según la naturaleza de estos síndicos, a conservar los bienes de la corporación apelada, sin tener más poderes que aquellos que le confiere la corte.

Asumiendo que el nombramiento se hubiera hecho según prescriben los artículos 30 y 32 de la ley de corporaciones aprobada en 9 de marzo de 1911 (secciones 436 y 438 Comp. 1911) o el artículo 183 del Código de Enjuiciamiento Civil, el caso de *Scannel, supra,* hubiera tenido alguna analogía al presente. Estas disposiciones dicen:

"Art. 30.—Cuando una corporación por cualquier motivo se disolviere, la corte de distrito * * * podrá * * * nombrar a una o más personas para actuar como liquidadores de dicha corporación y hacerse cargo del activo de la misma, cobrar las deudas y caudales pertenecientes a la corporación, e investirlas de poder para demandar y ser demandadas a nombre de la corporación, o de otro modo promover las acciones necesarias o convenientes al objeto; * * * ."

"Art. 32.—Ningún pleito que esté pendiente o que se entablare en adelante contra cualquier corporación disuelta antes de haberse dictado sentencia definitiva, caducará por razón de dicha disolución; pero no se dictará sentencia en ninguno de dichos pleitos sin previa notificación a los síndicos o liquidadores de la corporación."

"Art. 183.—Al disolverse cualquiera corporación, la corte de distrito del distrito judicial en que verifique sus negocios o tuviere su oficina principal, a solicitud de cualquier acreedor de dicha corporación o de cualquiera de sus miembros o accionistas, podrá nombrar una o más personas como síndicos o depositarios de la corporación, para encargarse de los bienes y efectos de la misma, cobrar los créditos a su favor y recoger sus pertenencias, satisfacer sus deudas pendientes, y repartir los fondos y demás propiedades entre los accionistas y socios."

En cualquiera de estos casos previstos, la ley se refiere al síndico liquidador, único representante de los acreedores, quien se encarga del activo y cobra el pasivo de la entidad disuelta. No es éste el síndico que ha sido nombrado. No es un liquidador y sus funciones son más limitadas. Su definición, según la jurisprudencia, le distingue de aquella clase de síndicos.

En el caso de *Spring Valley* v. *San Francisco,* 225 Fed. 728, 731, se cita de la Corte Suprema de los Estados Unidos lo siguiente:

"Un síndico es una persona indiferente entre las partes, nombrado por la corte para recibir las rentas, productos o beneficios de terreno u otra cosa en controversia en esta corte, pendiente el litigio cuando le pareciera razonable a la corte que ninguna de las partes lo haga."

Del caso de *Atlanta Trust Co.* v. *Champman,* 208 U.S.

360, 371, 52 L. ed. 528, que también se cita en el anterior, se copia lo siguiente:

"Es un funcionario de la corte; su nombramiento es provisional. Es nombrado en representación de todas las partes y no del demandante o del demandado solamente. Es nombrado para beneficio de todas las partes que puedan establecer derechos en el pleito. El dinero en sus manos está en *custodia legis* para quienquiera que establezca tener derecho a él. Delany. v. Mansfield, 1 Hogan, 234. Es la corte misma quien tiene el cuidado de los bienes en controversia. El síndico es sencillamente obra de la corte, y no tiene otras facultades que las conferídasle por la orden de nombramiento y la práctica y procedimientos de la corte."

De todo se infiere que dada la índole del síndico que ha sido nombrado, la regla de que sólo debe atenderse al récord al momento de presentarse la apelación para determinar quiénes son las partes necesarias queda en pie, y no habiéndose hecho tal nombramiento cuando se archivó la apelación de este caso, *las mociones de los promoventes deben declararse sin lugar.*