L. R. BAIRD, as Receiver of the Williams County State Bank, an Insolvent Banking Corporation, Plaintiff-Appellant and Respondent, v. CITY OF WILLISTON, a Municipal Corporation, et al., Defendants.

CITY OF WILLISTON, Respondent and Appellant.

BANK OF NORTH DAKOTA, a State Institution, Functioning as a Private Bank, Respondent.
and
N. B. LUDOWESE, Interpleaded, Defendant and Respondent.

(226 N. W. 608.)

Opinion filed August 14, 1929.

*Burdick, Shaft & Burk,* for appellant-respondent (Baird).

*O'Hare, Cox & Cox,* for respondent (Bank of North Dakota).

*Owens & Nelson,* for interpleaded defendant-respondent.

*Fisk, Craven & Taylor,* for respondent-appellant (City of Willis-ton).

BURR, J. There are two actions involved on this appeal, both brought by L. R. Baird, as receiver of the Williams County State Bank.

In both cases one N. B. Ludowese was interpleaded as defendant and his interest in the matter will be shown in the statement of facts. The first is an action wherein the plaintiff seeks to have title to certain real estate in the city of Williston quieted in him as against the defendants, the city of Williston and the Bank of North Dakota.

The city of Williston answers this complaint and files therewith a cross-complaint, setting out the facts in general as set forth in the case of Williston v. Ludowese, 53 N. D. 797, 208 N. W. 82 and alleges further that the plaintiff had served notice upon Ludowese, the city treasurer, not to pay over to the city any of the rents of the real estate involved or the collections made upon the real estate mortgages and that the "plaintiff ought not to be admitted to say that the said lands described in said complaint were not affected by the said warranty deed and the covenants therein" given as set forth in the case of Williston v. Ludowese, supra; and in a cross-complaint prays that its title to said securities be confirmed, that this lien be foreclosed and the property sold to be applied upon its indebtedness. In this cross-complaint it alleges that at the time of the giving of said securities the Williams County State Bank "was a corporation duly organized and existing under the laws of the state of North Dakota; that said bank however, on or about the 11th day of June, 1923, suspended business as a bank and thereafter was adjudged insolvent and said plaintiff L. R. Baird thereafter and on or about January 1st, 1924, was duly appointed receiver of said bank."

The plaintiff replies to this answer of the city of Williston denying the city's right to the securities, claiming them as assets of the bank alleging that the deal between the city treasurer and the bank as set forth in the reported case of Williston v. Ludowese was "in all things ultra vires, and null and void," and that it holds said securities in trust for the plaintiff. He denies the lien claimed by the city and that the decision in this case of Williston v. Ludowese is binding on him. He admits the serving of notice upon the tenants not to pay rents to Ludowese or to the city and asks that Ludowese be brought in as a defendant.

The Bank of North Dakota answers the first case and sets forth facts similar to the facts stated in the reported case of Williston v. Ludowese and asks that plaintiff be adjudged to be the owner and entitled to the real property involved and that the interest of the Bank of North Dakota as found in the reported case of Williston v. Ludowese be declared to be a first lien upon all of such property. To this answer the plaintiff replies alleging that the Bank of North Dakota was not entitled to any claim upon the notes and real estate mortgages securing the same, that it paid nothing therefor and that any agreement thereon was due and owing to the guaranty fund commission of the state of North Dakota; and that if the bank holds notes thereof, on the face payable to it, the same are held in trust for the guaranty fund commission.

The Bank of North Dakota replies to the counterclaim and crosscomplaint of the city of Williston, alleging that not only did the Williams County State Bank give to Ludowese notes and mortgages and a deed to the real estate and security for the loan or deposit of the money described in the case of Williston v. Ludowese but also "a personal guarantee of said deposit in the sum of $12,000 jointly signed and delivered by one Bradley, one Milloy, one O'Laughlin and one Wilkinson, together with other and valuable security and that in addition thereto at the time that Ludowese made the loan the deposit of the bank as described in the former case" he was bonded in the favor of the city of Williston for the faithful performance of his duties as treasurer of the city of Williston in the sum of $50,000; that his deposit was a breach of trust as against the city and made him and his bond liable for the full amount; that the defendant the city of Williston has "sufficient securities of value in their possession and under their control, including the personal liability of the said N. B. Ludowese and under his bond as treasurer—to fully reimburse the said city of Williston—without recourse to the mortgage and assignment of rents."

The interpleaded defendant Ludowese answers the complaint of the plaintiff and the answers and counterclaims of the defendants admitting he had been city treasurer, and that he had deposited the amount described in the reported case of Williston v. Ludowese and received the security therefor; that he holds the deed and these assignments in "trust for the benefit of said city of Williston, and to secure the said

city, the payment of the money in the amount, together with interest thereof, as hereinbefore set forth;" that the plaintiff has ordered all the tenants renting from him not to pay any further rents to him; that he has collected rents from the real estate which together with interest amounts to $9,411.65 but that out of said sum the city of Williston has been required to pay for "taxes, repairs, insurance, attorneys' fees, and expense of litigation the total sum during such period of five thousand two hundred and fifty-three and 15/100 dollars ($5,253.15)." And that he has on hand the sum of $4,158.50; that he proceeded to foreclose one of the real estate mortgages known as the Keltner mortgage and that he received a sheriff's deed to the property mortgaged; that he foreclosed what was known as the Webb mortgage and secured a sheriff's deed therefor, and that he has collected rents from these lands so held under sheriff's deed in the sum of $1,099.53 and paid thereout for costs of foreclosure, taxes, attorneys' fees, and necessary disbursements the sum of $912.75; that he has collected for himself for expenses in attending to the litigation and in fees for his time and services the sum of $1,744.43; that in pursuance of the demand made upon him by the plaintiff he "returned to the said plaintiff all of the notes set forth in said demand excepting the Keltner mortgage, the Ryeson mortgage and the Webb mortgage, hereinbefore described and set forth and accounted for, and that the defendant never at any time collected or received any use or benefit therefrom, either for himself or for the city of Williston, excepting that your defendant did collect on the note listed and executed by one Gil Erickson, the sum of three hundred seven and 80/100 dollars ($307.80) . . . ;" that he ceased to be treasurer in June 1925 and S. M. Hydle succeeded him; that he tendered to the city of Williston and to his successor all of the aforesaid properties together with an accounting of the funds; but the city of Williston and his successor refused to accept the same or any part thereof; since that time he has made sundry small collections of about $160; that he will be required yet to pay out for counsel fees and clerical work the sum of $600 and so he asks that he be allowed this sum that his account be settled and that he be discharged. It appears from this answer that in addition to the deed to the real estate involved herein and the three real estate mortgages with the notes secured thereby the defendant had received from the Williams

County State Bank other notes as security for this illegal deposit, all being the subject of the recorded case of Williston v. Ludowese.

The second case is an action brought by the same plaintiff against the city of Williston alone, and plaintiff in his complaint alleges among other things, that the city of Williston unlawfully obtained possession of the real estate described in the former case and of certain notes and real estate mortgages securing the notes; and other assets of the Williams County State Bank; collected rents from the real estate and payments upon the notes and mortgages, all in the sum of $11,970.41, and that this money belongs to the plaintiff as receiver; so he asks judgment against the city of Williston for this amount with interest.

The city answered by restating the allegations and facts with reference to the deposit made in the bank by its treasurer, the giving of the security, the trial of the case in the district court and the decision of this court as set forth in the recorded case of Williston v. Ludowese, that the receiver is bound by that decision and is not entitled to recover anything from the city because that no money has been received by the city from the securities given it by the bank. It also asks that Ludowese be interpleaded.

The plaintiff replies to this and so the issues are framed.

Upon the call of the calendar these two cases were united, the record showing a stipulation "that the two above entitled actions be consolidated as to the issues and both tried at once; and counsel for the plaintiff and the defendant Bank of North Dakota having stipulated that the issues as between the plaintiff and said defendant Bank of North Dakota be not submitted nor passed upon in this proceeding but be held in abeyance until the determination of the other issues in these actions," the court made no findings or order for judgment with reference to the relationship between the plaintiff and the Bank of North Dakota.

In this consolidated action it is alleged that the plaintiff was not appointed receiver until January, 1924, which allegation is not denied by the receiver.

The trial court made findings of fact, conclusions of law and ordered judgment in favor of the defendant city of Williston holding that the plaintiff in this case was bound by the decision of this court in the reported case of Williston v. Ludowese, supra; that the city of Willis-.

ton had a first lien upon the securities given by the bank to the treasurer, N. B. Ludowese; that the said Ludowese had collected a net total of rents in the sum of $2,557.05 after deducting the commission and expenses but that the said Ludowese is not entitled to deduct commission and expenses in the sum of $1,699.18, attorneys' fees in the sum of $540 and expenses when attending a meeting in the sum of $13.00 and that the total of these amounts—$2,215.18—should be added to the net rentals reported and applied upon the indebtedness due to the city of Williston; that the present value of the Ryeson mortgage is $1,000, the Webb mortgage $2,000 and the Keltner mortgage $2,086.19 and that same should be sold and the net proceeds applied upon the indebtedness due the city; that the treasurer, Ludowese was bonded by the state bonding fund for faithful performance of his duties and that the "defendant city has not brought any action to recover on the bond and cannot now do so because of the lapse of time." That the attorney for said Ludowese in this action has performed service to the reasonable value of $250 which should be paid to him out of the funds collected on these securities and turned over to the present treasurer. Conclusions of law were made in harmony with these findings. Judgment was accordingly entered.

The plaintiff appeals from that part of the decision finding he is bound by the decision of the reported case of Williston v. Ludowese, and to show this is error he sets forth that he was not a party to that action; that his only connection was that of amicus curiæ; that the question presented by him in such relationship "was expressly left undecided by the Supreme Court." He alleges further that the court erred in finding that the city of Williston had a first lien upon the real estate described; that the court erred in ordering the present trustee to turn over to the city of Williston the net proceeds of the collection; the court erred in ordering the interest of the parties in the Webb, Keltner, and Ryeson mortgages to be sold and the net proceeds applied upon the indebtedness of the city.

The city appeals from that part of the order for judgment and judgment finding "that the defendant Ludowese was not entitled to credit to the extent of $475 expended by him in establishing the right of the city of Williston to a first lien upon the property," that the court erred in failing to order judgment in favor of the city of Wil-

liston against Ludowese in the sum of $4,809.23; that the court erred in ordering the present trustee to "sell at foreclosure sale as by statute provided for the foreclosure of mortgages, all of the property herein before described;" being the interest involved in the Webb, Keltner, and Ryeson mortgages; that the court erred "in not providing that the city of Williston foreclose its lien upon the real estate involved after allowing credit for the net amount it received from the trustee."

A short statement of facts is necessary in order to give clarity to the issues involved. The Williams County State Bank was a state bank transacting business until some time in June of 1923 when it became insolvent and closed its doors; for some time before closing it was in financial difficulties, making desperate efforts here and there to secure money; in its endeavor it was assisted to some extent by business men of the city of Williston and attempts were made to secure loans from the Guaranty Fund Commission, the Bank of North Dakota and other sources; at this time N. B. Ludowese was the treasurer of the city of Williston under bond given by the state bonding department for the faithful discharge of his duties; the Williams County State Bank was a regularly designated acting depositary of the city of Williston and authorized to hold funds in the sum of $10,000 for which it had given a personal bond,—and at that time it had in its possession $10,000 of the city funds as said depositary; in April 1923 the county treasurer of the county of Williams delivered to Treasurer Ludowese, a check on the Williams County State Bank in the sum of $17,580.25 as tax money belonging to the city of Williston and collected by the county; instead of cashing this check and receiving the money an agreement was entered into between the officers of the Williams County State Bank and the treasurer, Ludowese, to leave this money with the bank and the treasurer took a certificate of deposit for the amount of this check and as security received from the bank a deed to himself to the real estate involved in this transaction, together with an assignment of the rents of said real estate; various notes and assets of the bank; and assignments of mortgages given by Webb, Keltner, and Ryeson, respectively, together with the notes secured by the mortgages; the deed to this real estate was not recorded; in the meantime the bank was negotiating with the Bank

of North Dakota for a loan of $50,000 and as security for the loan offered to the Bank of North Dakota a mortgage upon the real estate involved in the action, and about the 20th of May received $15,000 of this loan; the deal between the Williams County State Bank and Ludowese was made without the knowledge or consent of the city commission of Williston, but some time in May the commission learned of the deal, and the Bank of North Dakota learned of the security given by the ·Williams County State Bank to Ludowese and then refused to complete the loan; the Bank of North Dakota claimed and it was one of the issues in the reported case of Williston v. Ludowese, 53 N. D. 797, 208 N. W. 82, that the city of Williston through its officers agreed to subordinate the city's interest in this real estate and other security to the interest of the Bank of North Dakota providing the Bank of North Dakota would complete the loan to the Williams County State Bank and that in accordance with that agreement the bank received its security and advanced the further sum of $35,000, this being denied by the city; the Williams County State Bank closed its doors in June, 1923, and later the plaintiff in this case was appointed receiver; in the meantime, in September 1923, the city of Williston commenced an action against its treasurer, Ludowese, the Williams County State Bank and the Bank of North Dakota and therein the issues arising from the claims of the Bank of North Dakota and the city of Williston respecting the securities given including the real estate involved in this action, were determined. In said action neither Ludowese nor the Williams County State Bank answered and this court found that the city of Williston had a first lien upon all of said security and the Bank of North Dakota had a subordinate lien.

In said recorded case the trial court found, also, and it is one of the recitals of facts in the findings of fact and in the judgment, that "the defendants N. B. Ludowese and the Williams County State Bank, corporation, each having been duly and personally served with summons and complaint herein within said state and neither having answered nor made any appearance in person nor otherwise" are each "in default herein, due proof of such default having been filed." This finding and recital was in no wise attacked in that case nor disturbed upon appeal.

Counsel for the city assert that the receiver is bound by the de-

cision in the reported case; that he made himself a party thereto; that as amicus curiæ he appeared and contested the rights of both the city of Williston and the Bank of North Dakota and therefore this court cannot retry the issues therein.

The receiver contends that the city of Williston is not in position to contest in this court any portion of the decision of the lower court, dealing with the demand for the moneys collected by the city treasurer as that action was a separate action and the City of Williston is not entitled to a trial de novo in this court on said issue, even though there was a stipulation between the parties concerning consolidation of the cases and trying them to the court as one, as the evidence pertinent thereto can not be reviewed in the absence of motion for new trial in lower court, proper specifications of error and statement of the case. He also urges that no service was in fact made upon the Williams County State Bank in the prior suit; that no service was made upon him; that he was not a party in any way; and therefore that he may litigate the issues determined in the previous case.

Plaintiff's contention against the city's application for a review of the facts upon which the trial court based its findings of the amount which should be credited upon the indebtedness of the City cannot be sustained. It is true there were originally two cases and that in the second the plaintiff seeks to recover a money judgment and it is not one wherein judgment could be reviewed by this court under the appeal taken, as the defendant would not be entitled to a trial de novo. However the first case is an equity case, and the second case is incidental to the first, involving matters which fairly and legally could have been included in the first case. Plaintiff's purpose was to get rid of the interests of the defendants, and if in his complaint or in his reply he had set forth the facts that the rents of this property, the title to which he desired to have quieted in him, had been kept and retained under the agreement with the bank which he represents he could have litigated this in the action, and if he lost yet the deed could be declared to be a mortgage and upon satisfying the mortgage the property would revert to the bank and had the city collected more than the sum for which the mortgage stood as security he could recover the remainder. By consolidating the two cases the parties merely

added this feature to the first case. It did not change the nature of the case; it merely enlarged the scope. There are many equity cases where the court finds for a money judgment. In a mortgage foreclosure the court determines how much is due on the note and the plaintiff gets judgment for the amount though the main action is a foreclosure of the lien. In the consolidated case the action determines the title to the property and the nature and extent of the relative interests of the parties. It is true there are some issues inserted which, strictly speaking, are not equitable in their nature; but they grew out of the main transaction involved, are not the subject of any real debate, and if a party stipulates to include them in the equity case he can not repudiate the stipulation now. Hence, this objection on the part of the plaintiff cannot be sustained.

The city of Williston contends that the decision of this court in the Williston v. Ludowese, 53 N. D. 797, 208 N. W. 82, is binding upon the plaintiff and that the issues determined therein cannot be litigated in this case. It bases its contention on two propositions:

First, that upon the appeal in said case the receiver asked leave of this court to file a brief amicus curiæ, that the request was granted, and the brief filed, and therefore the receiver participated in the decision and is bound thereby; and

Second, that in the former case the Williams County State Bank had been made a defendant and that the findings and judgment of the court show the Williams County State Bank was duly served and in default and that the receiver is bound by the decision.

The mere fact that counsel for the receiver made application amicus curiæ for leave to file a brief in this court does not make him a party to the case. One, as amicus curiæ, comes as a friend of the court to render assistance in determining what the law of the matter is. Such person never appears until there is a case before the court and the facts developed at the trial of a case are not binding upon him as such. See 1 R. C. L. 1051; 2 C. J. 1322. This relationship in itself alone does not make him a party to the suit. But because he applies as amicus curiæ, and as such is permitted to file a brief does not divest him of such other characteristics which he may possess. It may well be true the receiver was interested in what he deemed to be a pertinent issue in

law applicable to the case before the court and a multitude of other cases which he had as general receiver of closed banks. According to the record Baird was not receiver when the case of Williston v. Ludowese was commenced; but he was receiver when the case was tried in the lower court and when the brief in that case was filed here; hence he had a very acute interest in the matter involved. Though amicus curiæ is not a party necessarily, yet the relationship of plaintiff Baird as receiver had all of the elements of a party because of his receivership. There was service on the bank and the bank suffered a default. The action against the bank did not abate because of the subsequent appointment of the plaintiff as receiver. See Steinhauer v. Colmar, 11 Colo. App. 494, 55 Pac. 291; Kittredge v. Osgood, 161 Mass. 384, 37 N. E. 369; American Engine Co. v. Crowley, 105 Minn. 233, 117 N. W. 428. The receiver took the corporation just as it was when he was appointed. The corporation was not dissolved by his appointment. The remedy of the receiver was to apply for a substitution. By virtue of his appointment he does not become substitute. The burden of seeking substitution is on him. See Tracy v. First Nat. Bank, 37 N. Y. 523; Mercantile Ins. Co. v. Jaynes, 87 Ill. 199; American Engine Co. v. Crowley, supra. But the substitution is not essential in order to make the judgment valid against the corporation. See Steinhauer v. Colmar, supra; Kelley v. Union P. R. Co. 58 Kan. 161, 48 Pac. 843, 2 Am. Neg. Rep. 538. The principle is analogous to that of the appointment of a trustee in bankruptcy. "An assignee in bankruptcy, appointed pending a suit—will be bound by the decree—whether he is made a party to such suit or not." Mount v. Manhattan Co. 43 N. J. Eq. 25, 9 Atl. 114. As said in Eyster v. Gaff, 91 U. S. 521, 23 L. ed. 403,—"The proceedings in the foreclosure suit after the appointment of the assignee in bankruptcy are not void because he was not made a party." The same court holds that where a mortgage foreclosure was commenced, and during the foreclosure proceedings the mortgagee was declared bankrupt, the assignee in bankruptcy takes the property subject to the foreclosure proceedings, and his rights are foreclosed by the subsequent decree and sale. Hence, while the receiver applied as amicus curiæ, and as such might not be considered a party, nevertheless he was appointed receiver in an action pending

at the time of his appointment, the judgment was binding upon the insolvent corporation, and he took the corporation as he found it. He did not apply for substitution in order to be relieved from the default; therefore he is bound by the judgment. True, this depends upon whether there was in fact service on the bank in the former case —a matter which is treated in the next paragraph.

The second contention of the city is based on the record of the former case. It is the claim of the receiver that the recital by the trial court in the case of Williston v. Ludowese, showing jurisdiction over the Williams County State Bank is error; that the bank was never served and that in any event the record does not show that service was made upon him as receiver.

It was not claimed in that case, nor is it claimed here that service was made upon Mr. Baird as receiver, or that he was made a substituted defendant. We are bound by the record showing the Williams County State Bank was duly served with the summons and complaint in the previous case. A collateral attack thereon cannot be made in this case. It is true the findings did not show service to have been made upon any receiver, nor is there a receiver named as in charge, and the complaint in the former case shows that at the time the summons and complaint was served "the Williams County State Bank was insolvent, and was closed by the banking department of the state of North Dakota and ever since that time has been and still is so insolvent and in charge of the banking department;" but neither the pleadings in that case nor in the case at bar show any receiver in charge at the time of the service of the summons and complaint and the pleadings in this case show Baird was not appointed receiver until four months after the other action was begun.

It is claimed that as a matter of fact there was no service upon the Williams County State Bank in the case of Williston v. Ludowese— not even upon the officers of the insolvent institution. Of course we cannot consider this contention now. The findings of fact and the judgment in the case of Williston v. Ludowese recites that there was service and these recitals are immune against collateral attack. The absence of jurisdiction over the bank itself does not appear on the face of the judgment. The trial court, on collateral attack "is pre-

sumed to have done its duty," it passes on its jurisdiction over the parties, it assumed to enter judgment against all, and in the absence of direct attack thereon the presumption is conclusive that all parties affected by such judgment and decree were properly before it. See Shane v. People, 25 N. D. 188, 141 N. W. 737. Where the judgment shows on its face service was made upon the Williams County State Bank it cannot be attacked here. See Leach v. Rolette County, 29 N. D. 593, 151 N. W. 768. It is not the fact of insolvency which prevents service of summons and complaint upon officers of the insolvent institution; it is the appointment of the receiver and his taking charge of affairs. Until the receiver steps in the officers represent the insolvent corporation. These recitals as to jurisdictional facts "are deemed to import absolute verity unless contradicted by other portions of the record." Erker v. Deichert, 57 N. D. 474, 222 N. W. 617. Hence so far as the service on the officers of the bank is concerned we must assume service was made, the bank and the receiver bound by the decision, and not in position to re-litigate the issues adjudicated.

There is another principle which prevents the receiver from contesting the issues determined in the previous case. It is true that to make a judgment res judicata the person against whom the doctrine is invoked must either have been a party or privy to the action and therefore that one who is neither should not be held conclusively bound by the decision of a case, in which he had no opportunity to be heard; but "a title previously passed on, although in a suit between different parties—will not be again passed on, upon the same set of facts, presenting precisely the same question, and in the absence of a showing that the former decision was manifestly erroneous." See Kolb v. Swann, 68 Md. 516, 13 Atl. 379; Fernald v. First Church, 77 N. H. 108, 88 Atl. 705. In this latter case the court says:

"That the church was not a party to a suit in which it was decided that it was testatrix's intention not to give property to it, but to create a public trust—furnishes no reason for re-examining the question in a case to which it is a party; nothing said or written therein causing the court to doubt the soundness of its views previously expressed." In the case at bar there is no change in facts so far as they are

a foundation for the determination of the issues in the previous case. It is the same contract, to get illegal possession of the city's money, the same pledging of securities, the same amount, established by the same records of the same bank, and showing the same facts. No reason is shown why there should be a re-examination of the facts— in fact the action of the receiver is levelled against the law announced in that case rather than a different state of facts. As in the other case he argues that the bank could not make a pledge of its property for the purpose of securing a deposit made, and invokes the rule laid down by this court in the case of Divide County v. Baird, 55 N. D. 45, 51 A.L.R. 296, 212 N. W. 236. But the rule set forth in this last case cited was the rule he urged in his brief as amicus curiae. We held it could not be urged in the case, was not applicable and therefore did not pass upon what the law was in a case where a bank sought to pledge its assets to secure a deposit. What was necessary in order to invoke that rule could not be raised by the bank or the receiver in the Williston v. Ludowese case, and if it could not be raised there by the receiver it could not be raised now. The nature of the transaction was such that it could not be brought in by anyone—even if joined as a party. In the previous case (53 N. D. 808, 208 N. W. 82) we said: "The transaction in question bears all the necessary elements of a loan," and that the receiver could not "challenge the contract in question as ultra vires."

Another reason why the court will not re-examine the issues determined in the case of Williston v. Ludowese, supra, even at the solicitation of the receiver alone, is that his contention would amount to a reversal of that case so far as the interest of the defendants, the City of Williston and the Bank of North Dakota are concerned without any material benefit to the Williams County State Bank for concededly there is an indebtedness due the city of Williston from the insolvent bank. As between these two litigants the matter is settled by the decision. If the plaintiff be permitted to re-litigate that matter and as receiver show the Williams County State Bank could not enter into such contract, and that therefore the contract with the city of Williston was void the result would be a reversal of the for-

mer decision and the situation of the parties to that action. It is not contended but what the Bank of North Dakota had a perfect right to enter into a contract to loan money to the Williams County State Bank, that this contract was valid, and the Bank of North Dakota has a lien on the security given, therefore the position of the plaintiff would result in this that the Bank of North Dakota would obtain in this circuitous manner the very position it contended for and lost in the former case. We held in that case that the contract entered into between the city and the bank was such as could not be questioned by the bank nor by the Bank of North Dakota. We see no reason for re-examining the issues in that case, especially as its net result to the one complaining is merely a rearrangement of its list of creditors —both defendants still remain creditors.

The judgment in the case of the city of Williston v. Ludowese, being binding upon the plaintiff the interests of all parties in the property involved are that the deed given by the Williams County State Bank to Ludowese is a mortgage for the use and benefit of the city of Williston to secure the repayment of this sum of $17,580.25; that the Bank of North Dakota has a second lien on the same property to secure its loan for $50,000 and that if the amounts due these two parties are paid then what property remains belongs to the plaintiff as receiver of the insolvent bank.

All of the specifications of error as set forth by the plaintiff center around the binding effect of the reported case of Williston v. Ludowese, supra, upon the plaintiff. His sixth specification of error deals, first with the allegation that the court erred in holding plaintiff bound by the decision, next, that the court erred in finding the city of Williston had a lien, then that the court erred in concluding the trustee appointed by the court should pay over to the city of Williston the net proceeds, further in ordering judgment accordingly, and lastly in entering judgment accordingly. The credits allowed are not attacked by him nor matters argued except as are settled by the determination of his relationship to the former case. Hence the correctness of the finding of the trial court as to the present worth of certain mortgages and the order of disposition is not in issue.

This brings us to the discussion of the issues involved in the find-

ings to the effect that the city of Williston should credit on its account
the sum of $4,809.23 shown to be in the hands of the former Treas-
urer, N. B. Ludowese. The defendant city of Williston is the party
appealing from this portion of the decision. The gist of this con-
tention is that this credit should not have been ordered without also
having judgment entered in favor of the city of Williston against the
interpleaded defendant N. B. Ludowese. There is no attack made
upon the amount except so far as the credit for some attorney's fees
is concerned and which will be noted later.

The contention of the city cannot be sustained. It must be remem-
bered that N. B. Ludowese was the treasurer of the city and its agent
by stipulation. He received this money in this capacity. Payments
to him were payments to the city, and so far as the plaintiff and the
defendant Bank of North Dakota are concerned it is immaterial wheth-
er the city accepted the money from him or left it in his hands. It
has already been determined he was the trustee of the city, though
the deed was taken in his name. At the expiration of his term, one
S. M. Hydle became treasurer and the record shows the court appointed
Mr. Hydle trustee in place of Ludowese. All of the money was turned
over to this new trustee,—the present treasurer of the city,—and
hence it was not necessary to enter judgment against the former treas-
urer for this sum.

The remaining contention of the city of Williston is that out of
the amount ordered to be credited upon the indebtedness the court
should have allowed the sum of $475, being the amount alleged to
have been expended by N. B. Ludowese in the case of Williston v.
Ludowese for the purpose of establishing the right of the city of Wil-
liston to a first lien upon the property involved in said action. This
amount claimed as an additional offset was for attorney's fees and ex-
penses. Just why the city of Williston should be entitled to credit
and allowed to deduct from the amount which it received for its in-
debtedness a sum which it claims some one else paid out is not clear.
N. B. Ludowese was an interpleaded defendant but he does not appeal.
It is true that in the record is set forth a detailed statement of the
amounts received and paid out by Ludowese; that this amount is
charged as expense, and no one denies that he actually did receive this
amount and no more and paid out the amounts which he claims. The

parties are not taking issue on these statements. His statements show he paid this amount for attorney's fees and expenses and therefore to that extent the amount that he turned over to his successor was diminished to this extent. However the City of Williston received this amount because he received it, and the specification of error is "the court erred in finding that the defendant Ludowese was not entitled to credit to the extent of the sum of $475 expended by him in establishing the rights of the city of Williston to a first lien upon the property involved in said actions." This does not affect the relationship between Ludowese and the city. In an accounting between them he may be able to show he had a right to deduct his expense and attorneys' fees in preserving the interests of the city—we express no opinion in this matter—but that does not say the city may deduct all of its expenses in determining its relations to another. In the brief it is argued:

"The city's suit became necessary because of the wrongful acts in surrendering the deed to the Bank of North Dakota; the action was solely to *preserve the title in the trustee and to maintain the efficiency of the securities. When such an action became thus necessary* the city had the right to prosecute it as it did and collect the reasonable attorney fees and costs out of the trust funds so preserved and established, we submit is the law everywhere."

This may be so, but the wrongful act complained of was not the wrongful act of this plaintiff or his insolvent bank, and if entitled to charge for its expenses it should have had it determined in the former suit.

The trial court was right in finding plaintiff bound by the decision. This necessarily disposes of all the plaintiff's allegations of error. The court was correct in holding that the accounts collected by Ludowese for the city of Williston should be credited upon the claim of the city and the city was not entitled to deduct in this case against the receiver, the amount charged as attorneys' fees, and therefore the judgment of the district court to the effect that the city of Williston had the first lien upon the property to secure the payment of $17,580.23 with interest, less the amount ordered to be credited; that the issues between the Bank of North Dakota and the plaintiff were not involved because withdrawn by stipulation between these two parties; and that

title to the real estate could not be quieted in the plaintiff except that he is the representative of the Williams County State Bank, and the owner of the property subject to the claims of the City of Williston and the Bank of North Dakota, is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.