SCHEE v. LA GRANGE *et al.*

78 101
99 350

1. **Trustees and Assignees:** SUIT AGAINST: DESIGNATION OF CAPACITY. A conveyance made in Pennsylvania, conveying lands in Iowa to certain persons in trust for the benefit of the creditors of the grantor, was called on its face a "trust deed," and the grantees were designated therein as "trustees." *Held* that the instrument must be construed in the light of the laws of Iowa, where the land is; and that, since such a transaction is here called an assignment, and the grantees, assignees, a judgment rendered against them in Iowa as assignees is as valid as though it had been obtained against them as trustees.

2. **Parties to Actions:** SLIGHT DISCREPANCY IN NAME: OTHER DESCRIPTION. One of the defendants in an action was designated as "Luckenbough, assignee of U." The assignee of U. was "Luckenbach." *Held* that judgment in the case was good as against "Luckenbach," because the description of the party as assignee of U. was sufficient to make it clear that he was meant, notwithstanding his name was not correctly spelled. (Compare *Fanning v. Krapfl*, 68 Iowa, 244.)

3. **Judgment:** COLLATERAL ATTACK: DEFECTIVE SERVICE OF NOTICE. A judgment was had upon an original notice served in Pennsylvania. The return was made and sworn to by the sheriff of the county where the service was made, but it read, "I caused the same to be served," instead of stating that he served it personally. *Held* that it was not a case of no service, but of defective service at most, and that, the court rendering the judgment having of record adjudged it to be sufficient, the judgment could not be collaterally attacked for want of jurisdiction. (*Moss v. Blinn*, 7 Iowa, 261, *distinguished.*)

4. **Tax Deed:** STATUTE OF LIMITATIONS: WHO MAY NOT PLEAD. Mere possession of land for more than five years after the recording of a tax deed, where such possession is without title, does not bar the owner of the tax title from maintaining an action to quiet his title against the one in possession.

*Appeal from O'Brien District Court.*—Hon. Scott M. Ladd, Judge.

Filed, June 4, 1889.

Action by appellant and cross-action by appellee, A. H. La Grange, each praying that the title to certain lands in O'Brien county be quieted in him. There was judgment for defendants, and plaintiff appeals.

*H. E. Long*, for appellant.

*G. W. Gilchrist* and *Warren Walker*, for appellees.

Granger, J.—Benjamin G. Unangst was the owner by purchase from the government of the northwest quarter of section 6, township 96, range 39, in O'Brien county, which is the property in question. Unangst was a resident of Northampton county, Pennsylvania, and in September, 1873, he conveyed therewith other lands to Charles A. Luckenbach and William Chapman, for the benefit of his creditors. The character of the conveyance will hereafter receive more particular notice. Thereafter, and prior to November 21, 1884, Charles A. Luckenbach died, and on that day William Chapman, as sole survivor of the trust, the debts of Unangst having been paid, reconveyed the lands to him. On January 5, 1885, Unangst conveyed the land by deed to plaintiff in this suit. It is by virtue of this deed from Unangst that appellant claims that the title in him should be quieted. In July, 1880, one John Lerch instituted a suit in the circuit court of O'Brien county against Charles A. Luckenbach and William Chapman, as assignees of Benjamin G. Unangst, and Benjamin G. Unangst; and, at the September term thereafter, on default of the defendants, a decree was entered quieting the title to the lands in question in him. Appellees' title is based upon mesne conveyances from Lerch to him. The arguments proceed upon the theory, and we think correctly, that the controlling question in the case is the validity of the decree referred to.

I.   It is urged by appellant that he is not affected by the decree, because the trustees were not sued in the capacity in which they held the title.   To an understanding of the point here urged, a reference to the record will show that, in the proceeding on which the decree is based, Luckenbach and Chapman are designated as "assignees."   The instrument itself, over the top, has the words, "Trust-deed."   In the body of the instrument the words "in trust" and "trust property" are used; and it is doubtful if the import of our holding will be fully manifest without the instrument, and we set it out.   It is as follows: .

<span style="margin-left:2em">1. TRUSTEES and<br>assignees:<br>suit against:<br>designation<br>of capacity</span>

"Trust-Deed.   Benjamin G. Unangst and Francis Hannah, his wife, to Chas. Augustus Luckenbach, and Wm. Chapman.   Filed for record the eighteenth day of September, A. D. 1873.

"A. J. BROCK, Recorder.

"This indenture made the twelfth day of August, in the year of our Lord one thousand eight hundred and seventy-three, between Benjamin G. Unangst, of the borough of Bethlehem, of the county of Northampton and state of Pennsylvania, and Frances Hannah, his wife, of the one part, and Charles Augustus Luckenbach and William Chapman, both of the borough of Bethlehem aforesaid, of the second part.   Whereas, the said Benjamin G. Unangst and Frances Hannah, his wife, by their indenture dated April 26, 1872, for the reasons and the considerations therein mentioned, did bargain, sell and convey to the said Charles A. Luckenbach and William Chapman all their real and personal estate, except so much thereof as was exempt from levy and sale on execution, for the equal benefit of creditors, and in the said deed included, besides the real estate of the grantees situated in Pennsylvania, all the other real estate of the said Benjamin G. Unangst and Frances Hannah, his wife, as well in the state of Pennsylvania as elsewhere, in any other state of the United States. But for greater certainty, and in order to be more specific as to the real estate of said Benjamin G. Unangst

situated in the state of Iowa, it has been deemed advisable to execute the present deed. Now this indenture witnesseth that the said Benjamin G. Unangst and Frances Hannah, his wife, for and in consideration of the premises and the sum of one hundred dollars to them in hand paid by the said Charles A. Luckenbach and William Chapman, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain, sell, aliene, enfeoff, release and confirm unto the said Charles A. Luckenbach, and William Chapman, and to the survivors of them, their heirs and assigns, and to the heirs and assigns of the survivors of them, all the following lands and tenements situated in the state of Iowa, to-wit : [ Then follows descriptions of lands in Clay and Palo Alto counties.] In O'Brien county, Iowa, northwest quarter of section six, township ninety-six, range thirty-nine, and northwest quarter of section twelve, township ninety-seven, range thirty-nine, together with all the rights, members and appurtenances whatsoever thereunto belonging or in any wise appertaining, to have and to hold, receive, and trade the same to the said Charles A. Luckenbach and William Chapman, and the survivors of them, their heirs and assigns, to the proper use and behoof of the said Charles A. Luckenbach and William Chapman, their heirs and assigns, and the survivors of them, their heirs and assigns forever. In trust, however, and to the interest and purpose that the said Charles A. Luckenbach and William Chapman, and the survivors of them, shall and do, as soon as convenient, sell and dispose of all the aforesaid lands and tenements ; and with the moneys arising therefrom, after deducting all reasonable costs and charges and legal expenses, shall and do pay the creditors of the said Benjamin G. Unangst their respective just demands in full. If there shall not be sufficient assets to satisfy all the just demands of the creditors in full, then *pro rata* according to the amount of their respective demands, without preferences as between individuals; and, should

any part or a portion of said trust property or funds remain after fully complying with the trusts aforesaid, then the said Charles A. Luckenbach and William Chapman, or the survivors of them, shall deliver over and reconvey the same unto the said Benjamin G. Unangst, his heirs, executors, administrators and assigns."

The point specially urged is that neither Luckenbach nor Chapman was served in his individual or trust capacity, they being trustees, and were served as "assignees." Many authorities are cited to show, and for the purposes of the case it may be conceded, that judgments conclude parties only in the capacity in which they sue or are sued, as, if sued in the capacity of trustee, administrator or guardian, the judgment has its binding effect only as to such capacity. We think the important question here is, what was the legal *status* or relationship of Luckenbach and Chapman to the parties for whom they acted under the terms of the instrument? This, like other contracts, has for its aid, and takes as a part of itself, the law upon which reliance must be had for its enforcement. As the parties had in view the disposition of lands in Iowa, which disposition must be by virtue of her laws, the instrument must receive the same interpretation that it would if made within the state. We attach little importance to the title or particular words used. We look to the legal effect of the instrument. Its effect, exclusively, is to place the property in the hands of third parties for the benefit of creditors. An assignment is a making over or transfer of property. The assignee is the person to whom it is made over or transferred, and this is true whether the assignee receives it in his own right or for the benefit of another, as for the benefit of creditors. Among the definitions of "trustee" is: "One to whom property has been conveyed, to be held or managed for the benefit of another." To a certain extent executors, administrators, guardians and assignees are trustees. Bouv. Law. Dict.; Hill, Trustees, 49. While in some respects, for the purpose of enforcement, the terms

differ, in many respects they are interchangeable; and in each particular case the law looks to the substance, and not to the shadow, of the transaction. Wherever the instrument contains the words "in trust" and "trust property," they are used in relation to duties of what may be called either the "trustees" or "assignees" as to property assigned to them for the benefit of creditors. Under the laws of this state, such a transfer of property is known as an assignment, and the trust officer as an assignee. If, perchance, in some conveyance he should be termed a "trustee," we do not think it would change the legal significance of the transaction. We do not think the proceedings defective in this respect.

II. It is next urged that one of the assignees, Charles A. Luckenbach, was not made a party to the proceeding in which the decree was obtained. The precise question arises upon this state of facts: The notice was served on Charles A. Luckenbough and William Chapman, assignees of Benjamin G. Unangst. In the conveyance the name of the first grantee is Luckenbach. In the notice and petition they are designated as "assignees of Benjamin G. Unangst." Absolute accuracy in names in such cases is not required. The proceeding as against Luckenbach and Chapman is in their representative capacity, and they are thus described in both notice and petition. Where parties are thus relatively designated, there is less reason for a technical adherence or exactness as to names than in other cases. In *Fanning v. Krapfl*, 68 Iowa, 244, this court gave a rule which we think is authorized by precedent and reason, and guides to a proper conclusion in this case. In that case Hopkins and wife were defendants. The wife's initials were T. P. B. In the notice the initials appeared P. T. B., but she was designated as the wife of John C. Hopkins, and the court gave this rule, in substance, that with the descriptive words, "wife of John C. Hopkins," she must have known that she was the party interested. Such a holding seems practical and fair. The same reasoning must control this case.

*2. PARTIES to actions: slight discrepancy in name: other description.*

Luckenbach was served with a notice designating him as the assignee of Unangst. That was sufficient to let him know that he was the person intended, and the same is true of other parties taking notice of the record.

III. The notice was served by the sheriff of Northampton county, Pennsylvania, and the return is in the

3. JUDGMENT: collateral attack: defective service of notice.

usual form, except that it states that "I caused the same to be served," etc., instead of "I served it personally," etc. The point urged is that the return shows a service in the state of Pennsylvania, and that the person making the return caused somebody else to make the service, and did not make it himself. Whatever may be the facts as to the validity of such a service, it is not a case of no service, and the record shows that the court adjudged the service sufficient; and, this being a collateral proceeding, the judgment cannot be thus attacked. We are cited, as against this rule, to the case of *Moss v. Blinn*, 7 Iowa, 261. That was a case in the district court, and the service was made by a constable, and the return not sworn to. The law required that with such a service the return must be under oath. Without such a return there was no legitimate proof of any service. In this case there was competent proof, by a return under oath, of what was done; and the court adjudged it a valid service. The rule as to collateral attacks upon judgments, in case of defective service merely, is too well understood to need a citation of authorities; but see *Fanning v. Krapfl*, 68 Iowa, 244, and cases there cited.

IV. The title of Lerch, upon which he based his proceeding to quiet his title, seems to have been by

4. TAX deed: statute of limitations: who may not plead.

virtue of a tax deed obtained in February, 1880, and it is urged that, the plaintiff being in actual, open, visible possession of the land before the expiration of five years from the date of the recording of the deed, the defendant's action is barred by the statute of limitations. This claim is based upon the theory of the law that the tax-deed holder must take possession within five years from the recording of his deed, or bring his action to recover within

that time. It is sufficient upon this point to say that, before plaintiff can interpose that plea, he must appear to be the owner of the land. *Lockridge v. Daggett*, 54 Iowa, 332. The case of *Thode v. Spofford*, 65 Iowa, 294, is not in point. In this case Unangst had no title to convey to the plaintiff.

The judgment of the district court is

AFFIRMED.