# HARRIS E. LEACH v. ROLETTE COUNTY.

## (151 N. W. 768.)

Trial *de novo* of an action to recover from the county sums paid for taxes under the Wood law, which sums had been adjudged void.

**Complaint — allegations — void taxes — failure to state sale void — other facts alleged — sufficient — demurrer.**

1. The complaint is not demurrable for failure to state that the "sale of land" for taxes had been declared void, when it sets up facts showing that the taxes themselves had been declared void after sale.

**Answer — admission of salient facts — United States courts — action in.**

2. The answer of the defendant held to be an admission of the salient facts of the action in the United States circuit court wherein said taxes were set aside.

**Money paid county for assignment of tax certificate — tax is void — money may be recovered back — taxes paid after assignment — cannot be recovered back.**

3. Under § 2338, Comp. Laws 1913, it is held that plaintiff can recover from the county the money paid upon taking the assignment from the county, with interest at the rate of 7 per cent, but not taxes paid after taking such assignment.

**Evidence — court records — judgment — exemplified copy of decree.**

4. The exemplified copies of the decree which set aside the taxes were properly received by the trial court.

**United States circuit court — decree of — service on county — action to avoid taxes — record — attack.**

5. The decree of the United States circuit court shows on its face that service was made upon the defendant county in the action wherein the taxes were declared void, and defendant cannot in this proceeding attack the record so made.

**Action to avoid taxes — holder of claim — failure to answer — does not work estoppel here.**

6. In the action wherein the said taxes were declared void, one H., who at that time held such claim, made no answer, but this fact does not work an estoppel in this suit.

**Knowledge of pendency of suit — evidence fails to disclose — estoppel.**

7. The evidence does not show that H. bought his claim with knowledge of the pendency of the suit in the United States circuit court, and therefore he is not estopped in the present action.

29 N. D.—38.

**United States circuit court — decisions of — correctness of — state courts — will not inquire into.**

8. This court will not inquire into the correctness of the decision of the United States circuit court in its decree setting aside said taxes.

**Lien upon land — taxes — refund — statutes — application.**

9. The last portion of § 2338, Comp. Laws 1913, relative to a lien upon the land, has no application to the facts in this case, as the county is not held for a refund of the taxes paid after the assignment.

Opinion filed February 25, 1915.

Appeal from the District Court of Rolette County, *Cowan*, J.
Modified and affirmed.

*Charles A. Verret* and *Knauf & Knauf*, for appellant.

The evidence, the decree of the United States circuit court offered in the case, fails to show that the sale of lands as provided in the Woods law has been declared void. There is only an attempted nullity of the taxes. Paine v. Dickey County, 8 N. D. 581, 80 N. W. 770.

Having taken these taxes in the manner received, the plaintiff and his assignor received and paid them all, the certificates and tax receipts, at their own risk. The purchase was made under the rule of *caveat emptor*, and without a statute authorizing a recovery for the taxes. Budge v. Grand Forks, 1 N. D. 309, 10 L.R.A. 165, 47 N. W. 390; Laws 1907, chap. 67, § 28.

Unless the sale is shown to have been declared void by judgment of the court, and the statutory provisions properly complied with, there is no right of recovery. Tyler v. Cass County, 1 N. D. 369, 48 N. W. 232.

*Middaugh, Cuthbert, Smythe, & Hunt*, for respondents.

"Things which a person possesses are owned by him." Rev. Codes 1905, subdiv. 11, § 7317.

This is a presumption which is satisfactory if uncontradicted. The assignment, transfer, and delivery were all established by their possession and use upon this trial. Ibid.

The county did not defend the action in the United States court. It cannot now say that Hutton should be estopped because he did not

do so. The merits and correctness of the decision there are not before us in this case. Borden v. McNamara, 20 N. D. 225, 127 N. W. 104, Ann. Cas. 1912C, 841.

The question of the jurisdiction of the United States court is not, and cannot be, before us here. The judgment there, on its face, shows service. Freeman, Judgm. § 130; Hahn v. Kelly, 34 Cal. 402, 94 Am. Dec. 742; McMinn v. Whelan, 27 Cal. 314; Carpenter v. Oakland, 30 Cal. 446.

Whatever may be the facts as to the validity of such a service, it is not a case of no service, and the record shows that the court adjudged the service sufficient; and this being a collateral proceeding, the judgment cannot be attacked. McCauley v. Fulton, 44 Cal. 355; Schee v. La Grange, 78 Iowa, 101, 42 N. W. 616; Fanning v. Krapfl, 68 Iowa, 244, 26 N. W. 133; Lees v. Wetmore, 58 Iowa, 170, 12 N. W. 238; Scaman v. Galligan, 8 S. D. 277, 66 N. W. 458; Phillips v. Phillips, 13 S. D. 231, 83 N. W. 94; Hahn v. Kelly, 34 Cal. 391, 94 Am. Dec. 742; Sharp v. Daugney, 33 Cal. 505; Galvin v. Palmer, 134 Cal. 426, 66 Pac. 572; Van Fleet, Collateral Attack, p. 121, §§ 3, 614, 616.

A written instrument is presumptive evidence of a consideration. Rev. Codes 1905, § 5325, and cases cited.

The burden of showing want of consideration is upon the party attacking it. Rev. Codes 1905, § 5326.

This is not a case where a court of equity may require the repayment to the certificate holder of the amount paid on condition that the tax sale be set aside, on the theory that the land should bear its lawful part of the taxes, for the reason that the land was not subject to taxation. State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Rev. Codes 1899, § 1270; Paine v. Dickey County, 8 N. D. 581, 80 N. W. 770.

BURKE, J. This action involves the refund of money paid to a county for void taxes under § 2338, Comp. Laws 1913. August 8, 1892, the government issued its patent to a quarter section of land in Rolette county to one Jaspard Jeanette, a homestead entryman. Prior thereto Jeanette had given a certain mortgage to one Daly, who had assigned the same to Vincent P. Cash, who in turn assigned the same

to one Simmons, all of which instruments were dated prior to the issuance of the patent.

August 24, 1893, the United States government filed its bill in equity in the circuit court for the district of North Dakota, alleging fraud upon the part of the entryman, Jeanette, and asking the cancelation of the patent. Jeanette, his wife, and Daly were the original defendants, and were all served with the jurisdictional subpoena in August or September, 1893. No *lis pendens* was filed at this time, nor were any further steps apparently taken in the action until nearly ten years later. In the meantime taxes were levied against the premises for the years 1892–3–4, and on the 22d of November, 1897, the premises were sold and bid in by the county of Rolette for the sum of $69.53, and thereafter on the 1st day of December, 1898, said tax certificate was assigned to one David Hutton by an instrument in writing signed by the treasurer of said county, said purchaser being required to pay the taxes for the year 1895–6–7, making a total of $126.66. Thereafter said purchaser likewise paid the taxes for the years 1898–1902, both inclusive, under his certificate of sale as aforesaid.

April 29, 1903, the government filed an amended bill in equity including as defendants the assignees of the mortgage, Cash and Simmons, the county of Rolette, and also Hutton. Subpoenas were served upon the new defendants in the manner which will be hereinafter mentioned, but no answer was interposed by any of them, and judgment *pro confesso* was taken on August 21, 1906. *Lis pendens* was filed April 30, 1903.

This decree canceled the patent and specifically set aside the taxes hereinbefore enumerated, upon the grounds that the land during all of the time had been the property of the United States government.

Thereafter, by an instrument in writing, the tax certificate holder, Hutton, assigned his cause of action against the county to the present plaintiff, Leach, who brings this action for a refund of the amount paid by him, basing his cause of action upon § 28, chap. 67, Sess. Laws 1897, now found at § 2338, Comp. Laws 1913, which reads as follows: "When a sale of lands as provided in this article is for any cause declared void by judgment of court, the money paid by the purchaser at the sale, or by the assignee of the state or county, upon taking

assignment, shall, with interest at the rate of 7 per cent per annum from the date of such payment, be refunded to the purchaser or assignee or the party holding his right out of the county treasury on the order of the county auditor, . . . that if such purchaser or assignee or party holding his right, shall after such purchase or assignment from the county, have paid the taxes, penalties and interest upon such piece or parcel of land, he shall have a lien upon such piece or parcel for the amount of taxes, penalties and interest so paid, with interest at the rate by this article allowed, and may enforce such lien by action, or if he is in possession of such piece or parcel shall not be ejected therefrom until such amount and interest shall be paid." The above should not be confused with § 88, chapter 126, Sess. Laws 1897, now known as § 2200, Comp. Laws 1913, which reads as follows: "When any sale of land for taxes is adjudged to be void, the judgment shall state the reason why it is void, and in all such cases and in cases where, by the mistake or wrongful act of the county treasurer or auditor, land has been sold upon which no taxes were due, and in cases where taxes have been or may be paid on lands not subject to taxation, or on lands where subsequent to payment the entry has been or may be canceled, the money so paid and all subsequent taxes, penalties and costs which have been or which may be paid, shall be refunded, with interest at 7 per cent per annum from the date of payment to the person making such payment, his heirs or assigns and the same shall be refunded out of the county treasury to which such money was paid, on an order from the county auditor, and a *pro rata* share of the money so refunded shall be charged to the state and to any incorporated city, town, village or school corporation which may have received any part of such void tax. Whenever any sale of land or certificate or tax deed made or delivered under this chapter is adjudged to be void, unless the judgment declares the tax to be illegal, the tax and all subsequent taxes returned to the purchaser or assignee, shall remain and be a lien upon the land sold, and the county auditor shall advertise and resell the same at the next succeeding annual sale for the full amount of taxes, penalties and costs due thereon." The latter section applying to lands sold for the general taxes under the ordinary process, while the former relates to taxes sold under what is known as the Woods law, wherein an action at law is instituted by the county

and an execution sale thereunder follows. This distinction is important. The trial court made findings of fact and conclusions of law favorable to plaintiff, and this appeal calls for a trial *de novo*.

(1) The first proposition advanced by appellant relates to the sufficiency of the complaint, it being attacked by demurrer and also by objection to the introduction of any evidence. He states: "The complaint does not state that a *'sale of land'* as provided by the law is for any cause declared void by judgment of court. We are called upon to have, not a tax, not a patent, not a judgment, but a 'sale of land' declared void, to entitle the return of the money paid out therefor."

The objection is too technical to have merit. The statute uses the expression *'sale of lands* shall be declared void,' of course, but in this case the *sale* was in effect declared void by the same language that declared the tax void.

(2) The second error assigned by appellant relates to the introduction in evidence of the assignment from the county to Hutton. There is no merit in this contention. Plaintiff, in paragraph three of his complaint, alleges: "That thereupon one W. A. Duncan, the then treasurer of said Rolette county, agreeable to the provisions of said law, did make, execute, and deliver to said David Hutton an assignment and transfer of the whole right, title, and interest of said county in and to said premises, so acquired by said county at said sale, which said assignment of said certificate of sale bears date of December 1st, 1898." Defendant answers as follows: "Defendant admits the allegations of the complaint set forth in paragraphs one, two, three, and eight." The matter was therefore not at issue, having been established by the admissions of the answer.

(3) Appellant's third proposition is that, in any event, plaintiff should recover for the taxes paid upon his certificates subsequent to the purchase by him from the county. He insists that the subsequent taxes were taken at the risk of the purchaser, and the county is not liable for redemption, and cites us to Tyler v. Cass County, 1 N. D. 369, 48 N. W. 232. The Tyler opinion, however, was filed November 29, 1890, almost seven years before the enactment of either of the above-mentioned sections, and construed § 1629 of the Compiled Laws of Dakota 1887, which section is quoted at page 386 of said opinion. It is therefore not authority in this case, unless possibly to hold

plaintiff to a strict construction of any refunding law. We are satisfied that plaintiff must recover, if at all, under § 28, chap. 67, Sess. Laws 1897, known as the Wood law, as the original sale to the county was made thereunder, and he was not the purchaser at any general tax sale. Reverting to said section we find: "When 'a sale of lands, as provided in this article [meaning the Wood law] is for any cause declared void by judgment of court, the money paid . . . by the assignee of the . . . county, upon taking the assignment, shall, with interest at the rate of 7 per cent . . . be refunded, etc."

As so read, it aids the plaintiff in this case. On the 1st day of December, 1898, Hutton paid to the county of Rolette $126.66 "upon taking the assignment." This amount he was obliged to pay under the law to obtain the interest of the county in the land, and for this amount recovery should be had with interest at 7 per cent. The payments, therefore, made by Hutton for the years 1898–9, 1900–1–2, were not paid by tax sales under the general law, nor is the county liable therefor under the Wood act. As to such voluntary payments, plaintiff is entirely without remedy. In this respect the judgment of the trial court is erroneous, and must be modified.

(4) A fourth assignment of error relates to the reception in evidence of the exemplified copies of the decree entered in the United States court. This assignment is without merit, as defendant admits in his answer that such a suit had been instituted and prosecuted to final decree "in substance, as set forth in paragraph 6 of the complaint, but defendant denies that this defendant was ever served with process." Aside from this admission of the salient facts of the decree which plaintiff had set forth in his complaint, the copies presented were certified as correct by the clerk of the United States circuit court under the seal of the court, and the whole was authenticated by the signature of the presiding judge, being substantially in compliance with § 7911, Comp. Laws 1913.

(5) The next assignment of error relates to findings of fact found by the trial court following the adjudication made by the United States circuit court, viz., that the land was not subject to taxation, also that service had been made upon Rolette county of process in the above-mentioned action. The decree of the United States circuit court shows on its face that service was made upon the county on the 31st day of

May 1903, and if such were not the fact the county must appear in that court and obtain relief. Defendant cannot in a collateral proceeding attack the records of that court. The same applies to the question of whether or not the lands were in fact taxable. The United States circuit court which.had jurisdiction of this matter held the same to be void, and the time for appeal from such decree had long since expired, and its correctness cannot be challenged collaterally in this action.

Freeman on Judgments, § 130, which reads: "A finding or recital showing that the court had jurisdiction is, in the vast majority of the states, not disputable when a judgment based thereon is drawn in question collaterally." Hahn v. Kelly, 34 Cal. 391, 94 Am. Dec. 742; Quivey v. Porter, 37 Cal. 458; McCauley v. Fulton, 44 Cal. 355, from which we quote: "It has been repeatedly held by this court that upon collateral attack recitals in the judgment of service upon the defendant are conclusive of the question of jurisdiction of the person, ·when the judgment is rendered by a court of superior jurisdiction."

Schee v. LaGrange, 78 Iowa, 101, 42 N. W. 616, from which we quote: "The record shows that the court adjudged the service sufficient; and, this being a collateral proceeding, the judgment cannot be thus attacked." Seaman v. Galligan, 8 S. D. 277, 66 N. W. 458; Phillips v. Phillips, 13 S. D. 231, 83 N. W. 94; Emery v. Kipp, 154 Cal. 83, 19 L.R.A.(N.S.) 983, 129 Am. St. Rep. 141, 97 Pac. 17, 16 Ann. Cas. 792.

It might be stated in passing that.the only objection to the service upon the county is that the copy of the subpœna was served upon the wife of the chairman of the board of county commissioners, instead of upon him personally. It might also be said that the respondent insists that Rolette county was not a necessary party to the suit in the United States court, for the reason that at the time of the rendition. of the decree said county had parted with all its interest and lands aforesaid to Hutton, who was duly served.

(6) The sixth position advanced by appellant is that Hutton, and therefore this plaintiff, is estopped to maintain this action because he (Hutton) did not defend the suit wherein the taxes were set aside. We do not believe this is material. It is not only possible, but probable, that the claim of the United States government to the effect that the land had been fraudulently patented was true, and if Hutton knew this.

he should not be required to file an answer. It may also be said that the county might have defended in such suit had it believed the defense meritorious. As both plaintiff and defendant allowed a judgment avoiding the tax to be entered by default, it may well be presumed that the attack of the United States government could not be successfully resisted.

(7) Appellant next urges that Hutton cannot recover because he took the assignment and paid his money "long after the said action is alleged to have been commenced by the United States of America." This might be successfully urged if it were supported by evidence that Hutton knew of the suit, but upon an examination of the record we find no evidence of any knowledge upon his part, and the *lis pendens* was not filed until April 30, 1903, long after the payments hereinbefore mentioned were made.

(8) It is next urged by appellant that Hutton, had he defended, should have prevailed in the suit in the United States circuit court. A complete answer to this is that he did not so prevail. The decree as entered is the one with which we must deal.

(9) Appellant next calls our attention to the last portion of § 2338, Comp. Laws 1913, being the fact that if such purchaser shall, after such purchase or assignment from the county, have paid the tax, penalties, and interest, etc., he shall have a lien upon the land for the amount of the taxes. This relates entirely to the taxes for which, under paragraph three of this opinion, the county is not liable, and is therefore now immaterial. Moreover, in this case such section is absolutely no aid to the plaintiff, owing to the fact that the taxes themselves were swept away and the title to the land held to be in the United States government. There are other items of error so closely allied to the above that they are governed thereby, and therefore all without merit. The judgment of the trial court is modified, and as so modified affirmed. Respondent will recover his costs in this appeal.