WIDRIG v. ERNEST KOUWEN HOVEN.

1. GARNISHMENT—PROCESS—SUBSTITUTED SERVICE—PROVISION FOR
RETURNING AND FILING SUMMONS DAY OF ISSUANCE PERMISSIVE
AND NOT MANDATORY.
    Provision in 3 Comp. Laws 1915, § 13150, relative to returning
    and filing summons the day it is issued if affidavit for writ
    of garnishment sets forth that principal defendant is non-
    resident or foreign corporation, is but permissive of departure
    from procedure under general rules (3 Comp. Laws 1915,
    § 12406, and Circuit Court Rule No. 18), but does not com-
    pel it.

2. SAME—SUBSTITUTED SERVICE WHILE WRIT OUTSTANDING VOID.
    Where plaintiff did not avail himself of statutory permission to
    return and file summons at once, substituted service made be-
    fore return day of summons, and while writ was outstanding,
    was void.

3. SAME—PREMATURE MOTION TO DISMISS.
    Where, at time motion to dismiss case and quash writ of garnish-
    ment because of void substituted service was heard plaintiff
    still had several days under statute in which to make sub-
    stituted service, motion to dismiss was premature, and was
    properly denied.

4. SAME—RIGHT OF GARNISHMENT STATUTORY.
    Right to writ of garnishment is statutory, and affidavit for writ
    must conform to requirements of statute.

5. SAME—FAILURE TO CONFORM TO STATUTE FATAL.
    Where affidavit for writ of garnishment did not state that in-
    debtedness is or is not on account of labor performed by prin-
    cipal defendant, as required by Act No. 305, Pub. Acts 1925,
    motion to quash writ should have been granted.

Certiorari to Oakland; Gillespie (Glenn C.), J.
Submitted June 18, 1929. (Docket No. 94, Calendar
No. 34,122). Decided October 7, 1929.

Garnishment proceedings by Robert Widrig against Ernest Kouwen Hoven, Inc., a foreign corporation, principal defendant, and the Pontiac Commercial & Savings Bank, garnishee defendant. From an order denying motion to dismiss, defendant brings certiorari. Reversed.

*Pelton & McGee,* for plaintiff.

*Oxtoby, Robison & Hull,* for defendant.

WIEST, J.   July 3, 1928, plaintiff commenced this suit, in the Oakland circuit, under the provisions of 3 Comp. Laws 1915, § 13122, as amended by Act No. 305, Pub. Acts 1925, and 3 Comp. Laws 1915, § 13150, by taking out a summons against the principal defendant, a foreign corporation, and a writ of garnishment against the Pontiac Commercial & Savings Bank, a Michigan corporation.   The summons to the principal defendant was made returnable August 3, 1928.   While that summons was outstanding, on July 23, 1928, substituted service was made upon the principal defendant at its place of business in the State of Florida.   The principal defendant, under special appearance, moved the court to dismiss the case and quash the writ of garnishment for the reasons:   (1) That the statutory procedure had not been complied with, in that the summons was not returned and filed on the day of its issuance, and was outstanding at the time of the substituted service.   (2) The affidavit for the writ of garnishment did not state, as required by Act No. 305, Pub. Acts 1925, ''that such indebtedness is, or is not, on account of labor performed by the principal defendant.''   The motion was denied and the principal defendant reviews by writ of certiorari.

Should the summons have been returned and filed in the office of the clerk on the day of issuance? The statute (3 Comp. Laws 1915, § 13150) provides:

"If the plaintiff  *  *  *  shall set forth in such affidavit (for the writ of garnishment) that the principal defendant is a nonresident of the county or State where the suit is commenced,  *  *  *  or a foreign corporation created in any jurisdiction (naming it), the principal writ or declaration and affidavit may be filed on the day of issue, and the writ of garnishment may be served as in ordinary cases; and within 60 days after such service the plaintiff shall cause to be delivered to such nonresident defendant or defendants, or the president, secretary, cashier or treasurer of such foreign corporation residing out of this State, or upon any officer, clerk or agent residing or to be found within this State, a true copy of the principal writ or declaration, affidavit and writ of garnishment," etc.

The provision relative to returning and filing the summons the day it is issued is permissive and not mandatory, and the leave to do so, if adopted, avoids waiting for the return day of the writ before making substituted service. The return day of original writs in personal actions is regulated by general rules of court. 3 Comp. Laws 1915, § 12406. Circuit Court Rule No. 18 fixes the maximum time for the return of the writ at three months, and Circuit Court Rule No. 19 fixes the minimum time at ten days. The statute under consideration, however, permits but does not compel a departure from the rules.

Plaintiff took out a summons on July 3d, returnable August 3d, and did not avail himself of the statutory permission to return and file it at once, and could not, before the return day thereof, make substituted service. The substituted service was void. A

void service is no service. The substituted service should have been set aside. The motion to dismiss was heard August 20th, and, therefore, after the return day of the summons. At that time the principal defendant was not entitled to have the suit dismissed, for the statute gave plaintiff 60 days after the writ of garnishment was served in which to make substituted service. The writ of garnishment was issued and served July 3d, and the summons was issued the same date and made returnable August 3d. The substituted service was made July 23d. While the writ was outstanding no substituted service was permissible, but at the time the motion was made the plaintiff still had until September 2d to make substituted service. The substituted service made was premature. The motion to dismiss was also premature. The premature service should have been set aside, and, upon return of the summons, the substituted service could have been made within 60 days after service of the writ of garnishment. For the reason mentioned the motion to dismiss the suit was properly denied.

Does the mentioned act of 1925 make it mandatory to state in the affidavit for a writ of garnishment that the indebtedness sought to be reached "is, or is not, on account of labor performed by the principal defendant?" The statute expressly requires that it shall be so stated in the affidavit for the writ. The rule authorizing garnishment contains an exception, not in the nature of a mere proviso. Conjecture or subsequent reasoning, from premise to conclusion, may not be indulged to excuse a failure to state the fact required by statute. The right to a writ of garnishment is statutory and the affidavit for the writ must conform to the requirements of the statute. Saying that the indebtedness of the bank to the foreign corporation could not possibly have

been on account of labor performed does not meet what the statute says shall be stated in the affidavit. The plaintiff could not state a cause for the writ of garnishment without negativing the mentioned exception. The reason for such statement in the affidavit for the writ appears in the same section of the statute. If the indebtedness is for labor, then no writ of garnishment can issue before judgment against the principal defendant.

The statute was not complied with, and the motion to quash the writ of garnishment should have been granted.

The denial of the motion to quash the writ of garnishment is reversed, with costs to the principal defendant, and the case remanded to the circuit court to enter an order in accord with this opinion.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.