R. M. REINERTSON, Appellant, v. R. R. RUST, Respondent.

(235 N. W. 346.)

Opinion filed February 27, 1931.

*L. J. Wehe,* for appellant.
*Dullam & Young,* for respondent.

BIRDZELL, J.  The plaintiff brought action upon two judgments obtained in Iowa, one in the sum of $91.50, the other for $165.56. The defendant answered admitting that the court in which the judgments were obtained, the municipal court in the city of Des Moines, was a court of general jurisdiction but otherwise denying the essential allegations of the complaint in each cause of action.  He also affirmatively alleged that no summons or other process was served upon him, and that he never appeared in person or by attorney.  Upon stipulation the case was tried in the district court of Burleigh county without a jury, resulting in a judgment in favor of the plaintiff on the first cause of action and in favor of the defendant for dismissal as to the second cause of action.  The plaintiff appeals and raises two main questions: (1) Whether or not the foreign judgment can be impeached (a) in its recital of jurisdiction and (b) by disputing the officer's return; and (2) if the judgment can be so impeached whether the evidence in the instant case warrants the finding that service was not had.

Numerous decisions have placed beyond controversy the rule that a foreign judgment or decree may be impeached by showing that there was no jurisdiction over the person of the defendant.  Corpus Juris states the law as follows (34 C. J. pp. 1113, 1138): 

"From the well established doctrine that it is necessary, in order for a foreign judgment to be enforced, that the court by which it was rendered should have had jurisdiction over the subject matter and the parties, and, in the case of a judgment in rem, over the res, it necessarily follows that, whenever it is sought to enforce such a judgment by an action thereon, a lack of jurisdiction in the court which rendered the same is a good and permissible defense."  34 C. J. 1113.

"If the court which rendered a judgment or decree had no jurisdiction of the person of defendant, or of the subject matter of the action, the judgment, being therefore void, is for that reason not entitled to recognition or enforcement in another state, .· . .  This rule, in its application to the judgments of sister states, is in no way modified by the full faith and credit clause of the federal constitution, or the act of congress passed in pursuance thereof."  34 C. J. 1138.

These rules are so definitely established and the cases applying them so numerous that it is needless to cite additional authority.

It was formerly thought that the recitals in a judgment or in the

record upon which the judgment was founded, where such recitals tended to show the jurisdiction of the court to render the judgment, were so far conclusive that one purporting to be bound by the judgment was not permitted to present contradictory evidence (3 Freeman, Judgm. 5th ed. § 1364). As it became apparent, however, that such a rule was but a means of giving vitality to that which was legally void, the preponderance of authority turned to the contrary rule and now holds the record not to be conclusive on this matter but to be subject to contradiction by extraneous evidence. Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897; Knowles v. Logansport Gaslight & Coke Co. 19 Wall. 58, 22 L. Ed. 70; Hall v. Lanning, 91 U. S. 160, 23 L. Ed. 271; 34 C. J. 1144; 3 Freeman, Judgm. 5th Ed. § 1366.

Of course, the return of service made by an officer can be no more conclusive within this rule than a finding or recital in the judgment itself. See Odland v. O'Keeff, Improv. Co. 59 N. D. 335, 339, 229 N. W. 923; Freeman, Judgm. supra.

As to the sufficiency of the evidence, the testimony of one witness, Harriet Rust, the daughter of the defendant, is direct and positive. She testified to the conditions in which she lived with and kept house for her father, the defendant, in an apartment in Des Moines, Iowa. She had a definite recollection of the officer leaving the summons with her in the first action and had an understanding of its significance. She just as positively testified that that was the only instance in which a summons had been left with her and there is no strong reason, aside from the return of the officer, to disbelieve her testimony. The officer's testimony, on the other hand, is not so satisfactory. He had no personal acquaintance with Harriet Rust, except as he might have remembered her from the one previous service, and in making the service he was guided more or less by hearsay statements as to the facts upon which the legal sufficiency of the service depended. The evidence of the defendant, if believed, is clearly sufficient to contradict the service, and we can see no reason to disturb the finding of the trial judge thereon.

Judgment affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.