[File No. 6585.]

DARLING & COMPANY, a Corporation, Appellant, v. FLOYD BURCHARD, Respondent.

(284 N. W. 856.)

214

Opinion filed March 16, 1939.   Rehearing denied April 3, 1939.

*Hyland & Foster,* for appellant.
*B. F. Tillotson* and *Harold Hoplon,* for respondent.

CHRISTIANSON, J.   Plaintiff brought this action upon a judgment alleged to have been rendered in favor of the plaintiff and against the defendant for the sum of $398.24 in the circuit court of Antrim county in the state of Michigan on November 12th, 1934.   The defendant answered, admitting the corporate capacity of the plaintiff, and further admitting that the court in which the judgment was obtained was a court of general jurisdiction, but denying all the other material allegations of the complaint.   The defendant further alleged that he at no time was served with process in the action in which the judgment is alleged to have been rendered; that consequently that court at no time acquired or had jurisdiction over the person of the defendant and that the judgment is null and void.   From other allegations in the answer, it appears that the defendant made no appearance in the action in which the judgment was rendered.   This case was tried to the court without a jury, and the court found that no service was made upon the defendant, Floyd Burchard, "of any process, summons or writ" in the action in the circuit court of Antrim county, Michigan, and that consequently that court "obtained no jurisdiction in said cause as to the said defendant Floyd Burchard; and that said court had obtained no jurisdiction therein to render any judgment or to enter the judgment" set forth in the complaint in this action, and that no valid judgment was entered, rendered, or docketed by the said circuit court of Antrim county, Michigan, against the defendant, Floyd Burchard.   Judgment

was entered pursuant to the findings and the plaintiff has appealed, and demanded a trial anew in this Court.

Plaintiff offered in evidence an authenticated copy of the judgment-roll in the action in Antrim county, Michigan. The record so offered and received in evidence contained copies of a chancery summons, with return of service indorsed thereon, affidavit of default by the attorney for the plaintiff, entry of default signed by such attorney, and the final decree.

The chancery summons is dated April 17, 1934, and contains a provision that "service of this summons and proof thereof shall be made on or before the 7th day of July, 1934." There is indorsed on the summons a return by one B. W. Mitchell, Deputy Sheriff, wherein he certifies "that on the 18 day of June, 1934, at village of Alba, Antrim county, in the state of Michigan, I served the within summons personally on Carl Heflin & Roy Anderson each, and on June 29, 1934, I served summons on Floyd Burchard at same place, defendants named in said summons, by then and there, at the place and on the date above mentioned, delivering to said defendant each a true copy of said summons, . . . and by showing at the same time to the said above named Defendant the said summons, with the seal of the court impressed thereon. . . ."

The affidavit of default and the entry of default are dated July 7, 1934, and were filed with the clerk of the court on that day. The decree contains no recital that service was made upon the defendant, or that he made any appearance in the action. There is a complete absence of any such recital. The first sentences in the decree read:

"At a session of said court held at the village of Bellaire in said county on the first day of October, A. D. 1934,

"Present, Hon. Parm C. Gilbert, Circuit Judge.

"This cause came on to be heard upon the bill of complaint and proof taken in open court."

Then follow statement of facts and conclusions of law, and the judgment ordered.

The defendant testified that the summons was not served on him at all. In this he is corroborated by other witnesses. There is, however, testimony to the effect that on the 29th day of September, 1934, the deputy sheriff who made the return called at a hotel where the defend-

ant was then rooming, and gave a copy of the summons and the bill of complaint attached thereto to the landlady, and that, she subsequently gave these papers to the defendant.

Appellant contends that the judgment of the circuit court of Antrim county, Michigan, was conclusive on the question that that court had jurisdiction over the parties to the action in which such judgment was rendered, and that evidence was not admissible to show that the defendant had not been served with process, or to contradict the return of the deputy sheriff showing that he had served the summons upon the defendant; and that the admission of such evidence is inhibited by the requirement of Art. 4, § 1, of the Constitution of the United States that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state," and the Act of Congress passed in pursuance thereof, prescribing "the manner in which such acts, records, and proceedings shall be proved, and the effect thereof." Act of May 26, 1790, chap. 11, 1 Stat. at L. 122, Rev. Stat. § 905, 28 U. S. C. A. § 687. In Mills v. Duryee, 7 Cranch (U. S.) 481, 3 L. ed. 411 (decided in 1813) the Supreme Court of the United States had occasion to construe and apply these constitutional and statutory provisions. The language in the opinion in that case was interpreted by the courts quite generally as imparting to a judgment of a sister state "in all cases and in all localities the full effect of a domestic judgment," 3 Freeman, Judgments, 5th ed. p. 2810, and as precluding any inquiry in any case into the question whether the court which rendered the judgment had jurisdiction over the person against whom it was rendered, unless want of jurisdiction appeared on the face of the record. 3 Freeman, Judgments, 5th ed. p. 2810 ; Baker v. Baker, E. & Co. 242 U. S. 394, 402, 61 L. ed. 386, 392, 37 S. Ct. 152. But "the view soon came to prevail in the state courts that the case was not authority for so broad a proposition, and that whenever a judgment of a state court was produced as evidence, the jurisdiction of the court rendering it was open to inquiry; and if it appeared that the court had no jurisdiction, the judgment was entitled to no faith or credit." Baker v. Baker, E. & Co. supra.

In Mills v. Duryee, supra, no question was presented as to jurisdiction over the person against whom the judgment had been rendered. The decision in that case shows that "the defendant had full notice of

the suit." The opinion in Mills v. Duryee, supra, was written by Mr. Justice Story in 1813. In his treatise on Conflict of Laws, published in 1834, Judge Story declared that the full faith and credit provisions of the Constitution and the Act of Congress passed in pursuance thereof do "not prevent an inquiry into the jurisdiction of the court in which the original judgment was rendered to pronounce the judgment, nor an inquiry into the right of the state to exercise authority over the parties or the subject-matter, nor an inquiry whether the judgment is founded in and impeachable for a manifest fraud. The Constitution did not mean to confer any new power upon the states, but simply to regulate the effect of their acknowledged jurisdiction over persons and things within their territory. It did not make the judgments of other states domestic judgments to all intents and purposes, but only gave a general validity, faith and credit to them as evidence. . . . They enjoy not the right of priority, or privilege, or lien which they have in the state where they are pronounced, but that only which the lex fori gives to them by its own laws in their character of foreign judgments." Story, Conflict of Laws, § 609.

Chancellor Kent expressed the view that: "The doctrine in Mills v. Duryee is to be taken with the qualification, that in all instances the jurisdiction of the court rendering the judgment may be inquired into, and the plea of nil debit will allow the defendant to show that the court had no jurisdiction over his person. . . . The court must have jurisdiction not only of the cause, but of the parties, and in that case the judgment is final and conclusive." 1 Kent's Commentaries, p. 261.

Subsequently (in 1874), when it became necessary to determine, whether in a suit on a judgment rendered in another state, (a) the party against whom recovery is sought may assail the recitals in the record and show by evidence dehors the record that he was not served with process; and (b) whether in such case the party against whom recovery is sought may contradict the officer's return showing service of summons, and show by parol evidence that such return is false, the Supreme Court of the United States held that "the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding in another state, notwithstanding the provision of the 4th Article of the Constitution and the law of 1790, and notwithstanding the averments contained in the record of the judgment

itself" (Thompson v. Whitman, 18 Wall. (U. S.) 457, 21 L. ed. 897); and that "in an action on a judgment rendered in another state, the defendant, notwithstanding the record shows a return of the sheriff that he was personally served with process, may show the contrary, namely: that he was not served, and that the court never acquired jurisdiction of his person." Knowles v. Logansport Gaslight & Coke Co. 19 Wall. (U. S.) 58, 22 L. ed. 70.

These rulings have been reaffirmed in many cases. Hall v. Lanning, 91 U. S. 160, 23 L. ed. 271; Simmons v. Saul, 138 U. S. 439, 34 L. ed. 1054, 11 S. Ct. 369; Old Wayne Mut. Life Asso. v. McDonough, 204 U. S. 8, 51 L. ed. 345, 27 S. Ct. 236; Bigelow v. Old Dominion Copper Min. & S. Co. 225 U. S. 111, 56 L. ed. 1009, 32 S. Ct. 641, Ann. Cas. 1913E, 875; McDonald v. Mabee, 243 U. S. 90, 61 L. ed. 608, 37 S. Ct. 343, L.R.A.1917F 58; Baker v. Baker, E. & Co. 242 U. S. 394, 61 L. ed. 386, 37 S. Ct. 152; Chicago L. Ins. Co. v. Cherry, 244 U. S. 25, 29, 61 L. ed. 966, 969, 37 S. Ct. 492; Adam v. Saenger, 303 U. S. 59, 62, 82 L. ed. 649, 651, 652, 58 S. Ct. 454.

In Baker v. Baker, E. & Co. supra, the court said: "It is now too well settled to be open to further dispute that the 'full faith and credit' clause and the act of Congress passed pursuant to it do not entitle a judgment in personam to extraterritorial effect if it be made to appear that it was rendered without jurisdiction over the person sought to be bound." 242 U. S. 401, 61 L. ed. 392, 37 S. Ct. 152.

The provision in the Fourteenth Amendment to the Constitution of the United States that no state shall "deprive any person of life, liberty, or property without due process of law" of necessity has a direct bearing upon the question as to what procedure prescribed by the state, and employed by its courts, does or does not constitute due process. It, also, has a direct bearing upon the effect that may be given by a state to recitals in the judgments of its courts as regards the jurisdiction of the court over the person against whom a judgment has been rendered. The due process clause of the Fourteenth Amendment is a restriction upon state power. It inhibits a state from authorizing a judgment to be rendered affecting the personal rights, or the property of any person, except pursuant to "due process of law." If a state can deny, to a person against whom a personal judgment has been rendered without any notice, the right to assail the recitals of notice in such judgment and make

the judgment final and conclusive, then the result will be to deny to such person the right of due process guaranteed to him by the Constitution. Hence, it is obvious that the constitutional provision that "full faith and credit shall be given in each state to the . . . judicial proceedings of every other state" must be construed and applied in harmony with the later constitutional provision which inhibits every state from depriving "any person of life, liberty or property without due process of law." Old Wayne Mut. Life Asso. v. McDonough, 204 U. S. 8, 51 L. ed. 345, 27 S. Ct. 236, supra; Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565; Bigelow v. Old Dominion Copper Min. & S. Co. 225 U. S. 111, 56 L. ed. 1009, 32 S. Ct. 641, Ann. Cas. 1913E 875; Baker v Baker, E. & Co. 242 U. S. 394, 61 L. ed. 386, 37 S. Ct. 152, supra; McDonald v. Mabee, 243 U. S. 90, 61 L. ed. 608, 37 S. Ct. 343, L.R.A. 1917F 58, supra.

In Old Wayne Mut. Life Asso. v. McDonough, supra, the court said: "The constitutional requirement that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state is necessarily to be interpreted in connection with other provisions of the Constitution, and therefore no state can obtain in the tribunals of other jurisdictions full faith and credit for its judicial proceedings if they are wanting in the due process of law enjoined by the fundamental law. 'No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party.' Scott v. McNeal, 154 U. S. 34, 46, 38 L. ed. 896, 901, 14 S. Ct. 1108. No state can, by any tribunal or representative, render nugatory a provision of the supreme law. And if the conclusiveness of a judgment or decree in a court of one state is questioned in a court of another government, Federal or state, it is open, under proper averments, to inquire whether the court rendering the decree or judgment had jurisdiction to render it." 204 U. S. 14, 51 L. ed. 348, 27 S. Ct. 236.

In Bigelow v. Old Dominion Copper Min. & S. Co. the court said: "This requirement of full faith and credit is to be read and interpreted in the light of well-established principles of justice, protected by other constitutional provisions which it was never intended to modify or override.

"It is therefore well settled that the courts of one state are not re-

quired to regard as conclusive any judgment of the court of another state which had no jurisdiction of the subject or of the parties." 225 U. S. 133, 56 L. ed. 1024, 32 S. Ct. 641, Ann. Cas. 1913E, 875.

In an action wherein a personal judgment for money is sought, the defendant must be brought within the jurisdiction of the court by service of process within the state, or by his voluntary appearance, and a personal money judgment rendered without such service or appearance is violative of the constitutional requirement of due process. Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565, supra; McDonald v. Mabee, 243 U. S. 90, 61 L. ed. 608, 37 S. Ct. 343, L.R.A.1917F 58, supra.

And when an action is brought in the courts of this state upon a personal money judgment rendered by a court in another state, the defendant may plead and prove that he was not served with process, and that he made no appearance in the action in which the judgment was entered. Reinertson v. Rust, 60 N. D. 500, 235 N. W. 346; 15 R. C. L. pp. 929–933, §§ 408, 409; 2 Black, Judgments, 2d ed. §§ 894, 897; 34 C. J. pp. 1113, 1138; 3 Freeman, Judgments, 1366; 15 Cal. Jur. pp. 242, 245; Chicago Title & T. Co. v. Smith, 185 Mass. 363, 70 N. E. 426, 102 Am. St. Rep. 350; Greenzweig v. Strelinger, 103 Cal. 278, 37 P. 398; McDonald v. Mabee, 243 U. S. 90, 61 L. ed. 608, 37 S. Ct. 343, L.R.A.1917F 58, supra. See also Hall v. Lanning, 91 U. S. 160, 23 L. ed. 271, supra; Simmons v. Saul, 138 U. S. 439, 34 L. ed. 1054, 11 S. Ct. 369, supra; Old Wayne Mut. Life Asso. v. McDonough, 204 U. S. 8, 51 L. ed. 345, 27 S. Ct. 236, supra; Baker v. Baker, E. & Co. 242 U. S. 394, 61 L. ed. 386, 37 S. Ct. 152, supra; Chicago L. Ins. Co. v. Cherry, 244 U. S. 25, 61 L. ed. 966, 37 S. Ct. 492, supra; Adam v. Saenger, 303 U. S. 59, 82 L. ed. 649, 58 S. Ct. 454, supra.

Ruling Case Law says: "Notice of the institution or pendency of the suit, or an appearance which presupposes notice, is an indispensable prerequisite to the rendition of any judgment which the courts of another state are, under the Constitution and laws of the United States, bound to recognize as conclusive on the defendant, and accordingly enforceable. . . . Even though the defendant against whom an action is brought on a judgment rendered in another state was a resident thereof when the judgment was rendered, he may plead and prove that he was not served with process and did not authorize an appearance in

the action in which the judgment was entered." 15 R. C. L. pp. 932, 933, § 409.

In Reinertson v. Rust, 60 N. D. 500, 235 N. W. 346, supra, suit was brought in a district court of this state upon two personal money judgments rendered by a court of general jurisdiction in the state of Iowa. The defendant asserted, in defense, that no process had been served upon him, and that he had made no appearance in the suits in which the judgments had been entered. In the decision in that case this court held that the defendant might impeach the recital of jurisdiction in the judgment, and contradict the officer's return of service, and show by parol evidence that he had not been served with process, and that he had made no appearance in the suits in which the judgments had been entered.

Appellant cites the following decisions of this court: Shane v. Peoples, 25 N. D. 188, 141 N. W. 737; Leach v. Rolette County, 29 N. D. 593, 151 N. W. 768; Tuttle v. Tuttle, 48 N. D. 10, 181 N. W. 898; Jongewaard v. Gesquire, 51 N. D. 173, 199 N. W. 588; Erker v. Deichert, 57 N. D. 474, 222 N. W. 615; Baird v. Williston, 58 N. D. 478, 226 N. W. 608; Rasmusson v. Schmalenberger, 60 N. D. 527, 235 N. W. 496. And it is contended that these decisions support the rule that recitals of jurisdiction, and an officer's return showing service of process upon the party against whom judgment was entered, may not be impeached or contradicted in an action to enforce a judgment.

Appellant's contention is not well founded. The facts in the cases cited by appellant readily distinguish them from this case. None of these cases involved, or called for a decision of, the question that is involved here. With the exception of Leach v. Rolette County, 29 N. D. 593, 151 N. W. 768, the cases cited involved judgments rendered in the district courts of this state; and Leach v. Rolette County involved a judgment rendered by a Federal court sitting within this state. None of the cases presented a situation where a personal money judgment was made the basis of an action to recover another money judgment solely on the basis of such former judgment. Courts generally recognize a distinction between a domestic judgment and a judgment of a sister state as regards the effect of recitals relating to jurisdiction and the effect of an officer's return, and in a majority of jurisdictions where the question has arisen, the courts have held that in actions in-

volving domestic judgments such recitals, and the officer's return upon which it is based, are not subject to collateral attack, although in suits on judgments of a sister state, they are subject to such attack. 1 Black, Judgments, 2d ed. p. 416, § 275; 2 Black, Judgments, 2d ed. p. 1329, § 897; 3 Freeman, Judgments, 5th ed. p. 2811. And "in some states, at least, the Federal courts sitting therein are treated as domestic courts as fully as those of the state itself and the rules as to collateral attack applicable to judgments of the latter are applied to judgments of the former when they come in question in the state courts." 3 Freeman, Judgments, 5th ed. pp. 3022, 3023. In his treatise on Judgments, Black makes reference to the distinction between domestic judgments and the judgments of other states as regards the effect of recitals of jurisdiction. He says: "It is fair to infer that the constitution means no more than that full faith and credit shall be given to the valid and lawful judgments of the courts of a sister state. But if, in point of fact, the court had no jurisdiction of the defendant, the sentence which it assumed to pronounce is no judgment at all; it is a nullity. . . . Nor should recitals of jurisdiction be conclusive on this point. . . . It is true that in most of the states collateral impeachment of domestic judgments for want of jurisdiction is not allowed. But this is because the party has a more appropriate remedy, which is also easy and efficacious, by direct proceedings to have the judgment vacated or reversed. But this reason does not operate in the case of judgments recovered in one state against citizens of another. Besides the hardship and inconvenience that would be caused by denying all other remedy, it is familiar doctrine that the courts of a state will never compel their own citizens to resort to a foreign tribunal for relief which they themselves can accord." 2 Black, Judgments, 2d ed. p. 1337.

The differences between the questions presented for determination in this case and those involved and presented for determination in the cases cited by the appellant are such that what is said in the decisions in those cases is not of moment here.

"The authority of a former decision as a precedent must be limited to the points actually decided in the facts before the court." 15 C. J. 939. What was said in the decisions in those cases should be considered in light of the questions there involved. "It is a maxim not to be disregarded," said Chief Justice Marshall, Cohen v. Virginia, 6

Wheat. (U. S.) 264, 399, 5 L. ed. 257, 290, "that general expressions, in every opinion are to be taken in connection with the case in which those expressions are used." The only case previously decided by this court in which the precise question that is involved in this case was presented for determination and determined is Reinertson v. Rust, 60 N. D. 500, 235 N. W. 346, supra. The decision in that case is direct authority in this case, and we adhere to the rule announced therein.

Does the evidence establish that the defendant, Burchard, was not served with process in Michigan, and that the return of the officer showing such service is untrue?

The question must be answered in the affirmative. The laws of Michigan provide: "Writs of summons at law and in chancery, shall be served by showing the original writ to the defendant, and delivering to him a copy thereof; and on the return of the writ personally served, the defendant shall be considered in court, and may be proceeded against accordingly." Mich. Comp. Laws 1929, § 14,084. The return of the deputy sheriff purporting to show service of process on the defendant, Burchard, was obviously intended to show service under this section.

Plaintiff adduced no evidence, except the authenticated copies of the papers in the judgment-roll. The testimony of the defendant to the effect that no service was made is direct and positive, and it is in a large measure corroborated by two other witnesses. The trial court after hearing the evidence found that the defendant, Burchard, had not been served, and that the officer's return of service was false. These findings are in accord with the clear weight of the evidence.

It is argued that inasmuch as the defendant actually received the copy of the summons that had been delivered to the landlady, he should not be heard to say that he did not have notice of the suit.

As has been pointed out, no valid personal judgment can be rendered by a court of any state unless the person against whom it is rendered is served with process within that state, or appears voluntarily and submits himself to the jurisdiction of the court. 12 C. J. pp. 1227, 1228; 33 C. J. p. 1082; 12 Am. Jur. p. 290, Constitutional Law. "The fundamental requisite of due process of law in judicial proceedings is the opportunity to be heard. . . . To hold one bound by the judgment who has not had such opportunity is contrary to the first prin-

ciples of justice." Baker v. Baker, E. & Co. 242 U. S. 394, 403, 61 L. ed. 386, 392, 37 S. Ct. 152. "Notice to a party whose rights are to be affected by judicial proceedings is an essential element of due process." 12 C. J. p. 1228; 12 Am. Jur. pp. 289, 290, 293, 296, 297, Constitutional Law.

Subject to the requirements and inhibitions of the Constitution of the United States, each state may determine for itself what manner of service shall be sufficient to bring a person into its courts. The state of Michigan prescribed the manner of service of process by explicit statutory provisions. These provisions are mandatory, and must be complied with. 21 R. C. L. p. 1274, § 16; 50 C. J. pp. 482 et seq.; Rhode Island Hospital Trust Co. v. Keeney, 1 N. D. 411, 48 N. W. 341. In this case there was no service at all. The fact that the defendant may have been informed in some manner, other than by service of process, that the plaintiff had instituted suit is of no consequence. Before the Michigan court had authority to render judgment, it must obtain jurisdiction over the person of the defendant. It could not and did not obtain such jurisdiction until plaintiff received notice of the action by means of process of the kind, and served in the manner, the laws of the state prescribed. "Void service of summons is no service." Widrig v. Ernest Kouwen Hoven, 248 Mich. 167, 226 N. W. 874.

It follows from what has been said that the judgment appealed from is correct. It is affirmed.

NUESSLE, Ch. J., and MORRIS, BURKE, and BURR, JJ., concur.